ELLEN LOCKWOOD *vs.* RHODE ISLAND HOSPITAL TRUST COMPANY, *Tr.*

JUNE 9, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity to cancel a deed to certain real estate as being a cloud upon the complainant's

title thereto. It was heard by a justice of the superior court on bill, answer, replication and proof, and a decision was rendered for the complainant. A decree accordingly was entered and the cause is before us upon the respondent's appeal from this decree.

The complainant, on June 25, 1929, executed a deed of her real estate to her son, William A. Greene. At that time the complainant was seventy-seven years of age and her son, William A. Greene, had been "a helpless cripple for almost thirty years." They lived together in the modest family homestead on the premises described in the deed and were very solicitous of each other's welfare. According to the complainant she had "to be hands and feet and eyes for him." Both of them kept important documents and papers in a tin box which was kept in the house and was accessible at all times to the complainant.

Apparently no valuable consideration was given for the conveyance and no direct evidence appears of any consideration for the execution and delivery of the deed, except as claimed by the complainant. The deed was placed in the tin box and remained there unrecorded during the life of the grantee, William A. Greene. The latter died testate on March 7, 1936, and named the respondent herein as executor and trustee of the residuary estate under his will, the income of which was to go to his mother for life and, upon her death, to be divided in a certain way between his sister and brother.

The complainant, on the request of the respondent, turned over to it the tin box purporting to contain all the papers and effects of the deceased son. Subsequently the respondent discovered among the papers in this box the unrecorded deed, previously executed by the complainant to her son, and immediately caused it to be recorded and notice thereof to be given to the complainant. Thereupon the complainant brought this bill of complaint to cancel and avoid the deed as being a cloud upon her title to the homestead property.

The complainant contends in substance that both she and her son understood and intended that the deed was not to be recorded and that her son was not to be seized of title to the premises during her lifetime; but that he was to be seized of such title *only* in the event that he survived the complainant; and that, if she survived him, it would continue to be her own property. The respondent contends that the complainant intended to make and did make a valid delivery to her son of the deed to this real estate; and that the consideration therefor may be inferred to be an agreement between mother and son that he would provide in his will for his mother during her life and for the other children after his mother's death.

At the conclusion of the hearing the trial justice held the matter in order to further consider the transcribed testimony and the law. He later filed a rescript, ruling that there was no valid delivery of the deed in question; that although the complainant and her son thought it was a good deed that would become operative on her death, it was nevertheless an attempted testamentary disposition and was legally abortive; and that, as it was then recorded and on its face was impressed with a trust under the will of the son, it constituted a cloud on her title and should be cancelled and avoided.

The decision of the trial justice upon conflicting evidence is entitled to persuasive force and is not to be disturbed, unless it is clearly wrong. Upon examination of the evidence we are unable to say that he was clearly wrong. There is direct evidence by the complainant that the deed was executed upon an express oral understanding between her and the grantee, her son, that it would not be recorded during her life and that the property described therein would not be his until she died; and that, if she outlived her son, it would continue to be her property. There is no direct evidence of any contrary agreement and no direct evidence of any valuable or other consideration moving

from the son to the complainant. It is true that the son's will provided her with a life income in the residuary trust, but that will was not executed until over a year after the execution and purported delivery of the deed. The deed was never recorded during her lifetime but was kept in a tin box at home which admittedly was a community box that was perhaps more accessible to the mother than to the son, because of his physical infirmities. The lawyer who prepared the deed and took the complainant's acknowledgment thereto gave no testimony which essentially contradicted the complainant's positive testimony concerning the agreement and understanding between herself and her son with reference to this deed.

The respondent's argument is not without some force, although it rests primarily upon inferential inconsistencies in the complainant's testimony rather than upon any direct evidence of any understanding or agreement other than that which was testified to positively by the complainant. The complainant was eighty-seven years of age at the time of trial and that may well account, as the trial justice intimated, for some of her uncertainty and the conflicting inferences which the respondent draws from some of her testimony. The execution and purported delivery of the deed, by themselves, present some evidence in favor of the respondent's contention but they are not conclusive in the circumstances here. The real test is what did the grantor intend?

In *Johnson* v. *Johnson,* 24 R. I. 571, this court held: "And the ordinary test of delivery is: Did the grantor by his acts or words, or both, intend to divest himself of the title to the estate described in the deed? If so, the deed is delivered. But if not, there is no delivery; and hence no title passes." In other words, a grantor's present intent to absolutely divest himself of the title to the property by virtue of the deed is essential to a valid delivery. See *Januskewicz* v. *Kowal,* 47 R. I. 348.

498

Applying that test to the evidence here of the relationship of mother and son, the character of the property, the condition of the son, and the age and solicitude of his mother, the complainant's direct evidence of an understanding or agreement at the time the deed was executed, which was not directly contradicted, the failure to record the deed during the son's life, and the none-too-positive evidence of actual delivery, and the other evidence, the trial justice could reasonably find that neither the grantor nor the grantee intended and understood that title to the premises described in the deed should pass to and vest in the grantee at that time; but that title thereto should only pass to and vest in the grantee if he survived the grantor. While there may be inferences from the evidence to support the contention of the respondent, we cannot say that the trial justice was clearly wrong in adopting another reasonable conclusion that was supported by positive evidence and other circumstances.

For this reason, therefore, the respondent's appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edward M. Sullivan, John J. Sullivan,* for complainant.
*Patrick H. Quinn, Michael De Ciantis,* for respondent.