GEORGE A. RANDALL *vs.* ALVIN R. HOLMES *d.b.a.* HOLMES TRANSPORTATION SERVICE.

MARCH 5, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto & Condon, JJ.

FLYNN, C. J.   This action was commenced by a writ in trespass. The first and third counts of the declaration were alleged in trespass *quare clausum fregit*, and the second count was on the case for negligence. The case was tried in the superior court before a jury and resulted in the granting by the trial justice of defendant's motion that plaintiff be adjudged nonsuit. It is before us upon the plaintiff's exceptions to that decision and to other rulings excluding certain testimony.

The plaintiff testified that on June 19, 1941 he was lawfully seized and possessed of certain premises situated on the northerly side of Saratoga street in the city of Providence.

Saratoga street, running east to west, admittedly was a public way, though not an accepted highway. It was 18.56 feet wide and the portion usually traveled by vehicles was paved with granite blocks. At the time of the accident a dirt sidewalk, with curbing of granite paving blocks placed on edge about 4 feet from the house, ran the entire length of the house which was built flush with the northerly line of the sidewalk. The so-called curb was about two inches above the level of the paved portion of the street. The street was customarily used by the public for passage of vehicles generally and by those serving, among others, the Hill Manufacturing Company, whose building was situated on the southerly side of Saratoga street, about opposite plaintiff's dwelling.

A truck and trailer admittedly belonging to defendant was being operated, on June 19, 1941, by its servant and was calling at Hill Manufacturing Company to receive or to deliver freight. Assisted by an employee of that company, who served as a lookout and director, the truck was being backed along Saratoga street, parallel with the northerly curb and about 5 feet from plaintiff's dwelling, when the wall and street caved in, causing the rear wheel of the truck to fall in a big hole. This tilted the truck so that its top made slight contact with two clapboards about midway up the plaintiff's house. The hole extended from the street across the sidewalk to the building, and from a point approximately 5 feet westerly from the easterly end of the house for a distance of about 15 feet westerly. The wall of the house was built of loose ledge stone and dirt topped by a brick foundation. Approximately 15 feet of this wall had substantially collapsed or was out of plumb.

The trial justice ruled that the owner of the truck, who was not the operator, could not be held liable for the alleged trespass unless it specifically authorized the striking of the building and that there was no evidence to show such authorization; and, secondly, he found that the striking of the building by the truck was not the direct act of the defendant

44

or its agent but that it resulted from the collapse of the ground.

The plaintiff contends, if we understand correctly, that the trial justice erred because, if the evidence is considered most favorably to the plaintiff, there was evidence tending to show: (1) That plaintiff, in addition to his right as a member of the public, had a special right of ingress and egress over Saratoga street as appurtenant to his lot; that such was a property right and that it was directly invaded and interfered with unreasonably; (2) that defendant by its servant directly, though not intentionally, invaded the plaintiff's close by driving the truck physically against the plaintiff's house and doing damage; (3) that defendant's truck, by its operation, started a force which extended its energy through the soil directly to the premises of the plaintiff with resulting damage; and (4) that defendant's agent and servant operated the truck so negligently as to cause the hole or caving in of the street and sidewalk and the consequent injury and damage to plaintiff's land and building.

We have examined these contentions in the light of the evidence viewed most favorably to plaintiff, as we must on such a motion, and in our opinion the basic answer to all of them is that there was no evidence to show that defendant's truck was operated negligently and that such negligence was the proximate cause of the alleged direct invasion of or damage to plaintiff's property or rights. Such evidence was necessary because the plaintiff did not rely on an intentional trespass.

This court has held it to be the settled rule in this state that where the injury is the effect of force direct and intentional, the action must be in trespass, and not on the case; and where the injury complained of is the effect of negligence, though the force be direct or immediate, the plaintiff has an election to bring his action either in trespass or in trespass on the case. *McKendall* v. *National Wholesale Confectionery Co.*, 50 R. I. 424; *Edmands* v. *Olson*, 64 R. I. 39. It has been held also that, where the injury is not the effect

of force direct and intentional, negligence is the gist of the action and foundation of the liability. In such case the form of action is of no importance because the rule as to liability is the same whether the action is alleged in trespass or in trespass on the case. *Hawksley* v. *Peace,* 38 R. I. 544; *McKendall* v. *National Wholesale Confectionery Co., supra; Salerno* v. *Sheern,* 62 R. I. 121.

In the instant case there is no claim or evidence of any intentional invasion of, or injury to, plaintiff's property in possession. Hence, to establish liability under the counts in trespass *quare clausum fregit,* as also under the count in trespass on the case, it was necessary for plaintiff to show by evidence that defendant's truck was operated in a negligent manner and that such negligence was the proximate cause of the alleged invasion and damages. We have examined the transcript carefully and we find no such evidence.

The essential elements at the foundation of plaintiff's case, so far as liability is concerned, and as above set forth, were left to pure conjecture. The mere driving of defendant's truck, estimated by plaintiff's witness as weighing about ten tons, over Saratoga street to serve premises also abutting on that street, would not by itself be evidence of actionable negligence in the circumstances here. There is no evidence of actual negligent operation but, on the contrary, evidence of caution in backing the truck by having assistance and direction from an employee of the Hill Manufacturing Company.

The evidence also shows that this or other similar trucks, to the knowledge of the plaintiff, had been accustomed to use this street for similar purposes and that no damage or other incident occurred to place defendant on notice of any weakness in the soil of the street or of its lateral support, or of any danger to plaintiff's premises from such traffic. Moreover, the testimony of the only eyewitness was not that the truck caused the hole in the street but that the sudden and unexplained caving in of the wall and

street, when the truck was on the paved portion about 5 feet from the house, caused the truck's wheel to drop into the hole so that the top of the truck, being thereby tilted, made slight contact with two clapboards on the upper portion of plaintiff's house. `There is no testimony that the weight or manner of operating the truck was an adequate proximate cause of projecting a destructive force into plaintiff's premises or of the caving in of the street with resulting damage to plaintiff's house as plaintiff contends. Therefore, there was no evidence upon which the material issues of negligent operation and proximate cause could be presented to the jury for determination without their conjecture.

But the plaintiff contends that the trial justice erroneously excluded his offer to introduce testimony of an alleged conversation with the operator of the truck to the effect that "the operator admitted that he drove this truck up over the sidewalk and too close to the house involved." It is by no means clear from the transcript that the alleged subsequent admission or admissions of the operator were admissible as a part of the *res gestae,* as plaintiff contends. But assuming, without deciding, that such testimony, if otherwise competent, was admissible to bind the defendant, the final decision would not be changed.

Only the first part of the offer of proof can be considered as if it were admissible, since the second part is clearly not evidence of any fact but is a pure opinion or conclusion. Therefore, assuming that the operator said "he drove this truck up over the sidewalk" and assuming further that such admission constituted evidence of negligent operation, there still was no evidence that such negligence was the proximate cause of the collapse of the ground and wall. In the absence of any evidence tending to establish defendant's negligence as the proximate cause of the alleged invasion and injury, the defendant's motion for a nonsuit of the plaintiff under all the counts of the declaration was properly granted.

Upon this view of the case it is unnecessary to consider whether or not the trial justice erred in ruling, as a further ground, that defendant would not be responsible for a trespass by its servant, even if committed, unless it had speci-. fically authorized such conduct.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the nonsuit.

*Wright & Wright, Coleman Zimmerman, Harold P. Wright,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.