Caroline BERARDUCCI et al.

v.

RHODE ISLAND HOSPITAL et al.

No. 80–551–Appeal.

Supreme Court of Rhode Island.

May 18, 1983.

Vincent D. Morgera, Providence, for plaintiffs.

Edward L. Gnys, Jr., Victoria Almeida, Providence, for defendants.

## OPINION

KELLEHER, Justice.

This is a Superior Court medical malpractice action in which the patient and her husband have sued the Rhode Island Hospital and two members of its staff, a surgeon and an anesthetist, for negligence that allegedly occurred during an October 17, 1973 operation. The patient and her spouse are before us on an appeal from a Superior Court order granting the hospital's motion for a summary judgment. Since the spouse's claim derives from the patient's, we shall hereinafter refer only to the patient.

The operation, in the words of the patient's counsel, involved "repair of her bladder." In a June 18, 1979 pretrial deposition, the patient described how the anesthetist prepared for the administration of a spinal anesthetic by having the patient lie on her side on the operating table. The anesthetist then attempted to "flex" the patient's spine by having her draw her knees up to her chin. Since the patient's corpulence made reaching this goal difficult, the anesthetist attempted to help out by, in the patient's words, applying "pressure [to] bring my knees up to my chin." As she was saying "Ow" and "Ouch," the anesthetist was saying, "Just a little more, just a little more." In this suit the patient claims that the neck pain that she has endured since awakening from the anesthesia arises from a herniated cervical-disc condition which she attributes to the anesthetist's manipulation of her head and knees. In her deposition the patient made it clear that she had no complaint with the care given her by the hospital personnel. She attributes her neck discomfort solely to the actions of the anesthetist.

The hospital's summary-judgment motion was accompanied by an affidavit by its "Risk Manager" in which he averred that the anesthetist was a member of the hospital's staff but that he was neither an officer nor an employee of the hospital, nor did he receive any remuneration for the services he performed on October 17, 1973. In opposing the hospital's motion, the patient's counsel filed his objection on the ground that "there exists a genuine issue of material fact," but at no time had he filed an affidavit that would inform one about what was the factual dispute.

■ Summary judgment is a drastic remedy that should be applied with caution, but where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law, entry of summary judgment is in order. *Saltzman v. Atlantic Realty Co.*, R.I., 434 A.2d 1343, 1344–45 (1981). A litigant who opposes a motion for summary judgment must establish that there is a dispute concerning the existence of a material fact, and in discharging the obligation, the opponent cannot rest upon mere allegations or denials present in his pleadings. *Ludwig v. Kowal*, R.I., 419 A.2d 297, 301 (1980). The long-established rule in this jurisdiction is that for a hospital to be held liable for the actions taken by its medical staff, it must be shown that the physician was an employee of the corporation rather than an independent contractor. *Glavin v. Rhode Island Hospital*, 12 R.I. 411, 423–24 (1879); *see* Annot., 69 A.L.R.2d 305, 315 (1960).

■ When this controversy was before the motion justice, counsel for the patient, instead of submitting affidavits, attempted to make the point that numerous things could have happened in the operating room, and the person who caused the injury might have been hospital personnel. Arguments of counsel are no substitutes for counteraffidavits of fact, particularly after the controversy had been pending in the Superior Court for almost five years. The grant of summary judgment was well warranted.

The plaintiffs' appeal is denied and dismissed, and the order appealed from is affirmed.

WEISBERGER, J., did not participate.