Elizabeth MULLINS et al.

v.

FEDERAL DAIRY COMPANY et al.

No. 88–307–Appeal.

Supreme Court of Rhode Island.

Jan. 10, 1990.

Charles J. Vucci, Thomas C. Plunkett, Kiernan & Plunkett, Providence, for plaintiffs.

Dennis J. Roberts, II, Berndt W. Anderson, Roberts, Carroll, Feldstein & Tuckeer, Inc., Providence, for defendants.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY, SHEA, JJ.

OPINION

FAY, Chief Justice.

The plaintiffs in this case, William L. Mullins,[1] executor of the estate of William Mullins, and Travelers Insurance Company (Travelers) appeal from a Superior Court order granting summary judgment in favor of the defendant American Universal Insurance Company (American)[2] on the basis of an agreed statement of facts. We reverse. The relevant facts, as stipulated by the parties, are as follows.

In September 1972 William Mullins (Mullins) owned and operated a business engaged in the servicing, repairing, and storing of automobiles. Towing was among the services provided by Mullins's business operation. This particular action arises out of an incident that occurred on September 8, 1972, when Federal Dairy Company (Federal) employed Mullins for the purpose of towing a disabled dairy truck to Federal's garage for repair. Mullins sent George Forte (Forte), his employee, to tow the disabled vehicle from North Kingstown to Federal's garage in Providence. Upon arrival at the Federal garage, Forte injured Alfred Korsak (Korsak), a Federal employee, while backing in the disabled vehicle.

As a result of his injuries, Korsak filed a workers' compensation claim against American, Federal's insurer. American paid this claim. Korsak also instituted a negligence action in September 1974 against Mullins, which Travelers, as his insurer, defended. American then became subrogated to the extent of its workers' compensation payment when Korsak commuted his workers' compensation claim. While the civil action was pending, William Mullins passed away and Elizabeth Mullins, in her capacity as executrix of his estate, was named in the action.

1. William L. Mullins was substituted for Elizabeth Mullins as executor of William Mullins's estate subsequent to her death on February 13, 1984.

2. The Superior Court granted Federal Dairy Company's motion to dismiss plaintiff's complaint against it on September 22, 1981. The remaining parties to this action are William L. Mullins, in his capacity as executor, Travelers Insurance Company, and American Universal Insurance Company.

In 1979 the parties reached a settlement agreement for $40,000. Travelers paid $25,000, the limit on Mullins's liability policy, and Elizabeth Mullins, as executrix, paid $15,000. A portion of American's workers' compensation lien was satisfied by the settlement payment.

The present action arose when Travelers and Elizabeth Mullins, as executrix, commenced a subsequent suit against Federal and American for contribution, indemnification, and attorney's fees arising out of the $40,000 settlement, claiming that Mullins was an insured under Federal's automobile policy with American.[3]

As noted, Federal was dismissed from the action, and therefore, the grant of summary judgment in favor of American is the primary issue. Our consideration focuses upon the provisions of American's automobile policy, which will determine its liability. The pertinent provisions provide the following:

"II. Persons Insured

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \* \* \* \*

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower;

\* \* \* \* \* \*

None of the following is an insured:

\* \* \* \* \* \*

(v) any person while employed in or otherwise engaged in duties in connection with an automobile business, other than an automobile business operated by the named insured.

\* \* \* \* \* \*

"V. Additional Definitions

When used in reference to this insurance (including endorsements forming a part of the policy):

'automobile business' means the business or occupation of selling, repairing, servicing, storing or parking automobiles \* \* \*."

The parties brought cross-motions for summary judgment, and the trial justice found that the automobile-business exclusion, as further defined in section V of the policy, operated to preclude Mullins from coverage under this policy. The parties' stipulation that Mullins "was in the business of servicing, repairing, and storing automobiles" was the basis for the trial justice's conclusion. Contribution or indemnification was therefore unavailable as a matter of law. We disagree.

■ This matter is before us on plaintiff's appeal from an adverse grant of summary judgment; therefore, our standard of review is clear. Rule 56(c) of the Superior Court Rules of Civil Procedure authorizes the trial justice, on a motion for summary judgment, to render a judgment as a matter of law when there is no genuine issue of material fact to be resolved. *See Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981); *Rhode Island Hosp. Trust Nat'l Bank v. Boiteau*, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977). When determining whether any genuine issue of material fact exists, the trial justice, like this court on review, views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party. *Steinberg*, 427 A.2d at 340. The weight or the credibility of this evidence is not a factor the court may consider. *Id.* Furthermore, in passing on a motion for summary judgment, a court must adhere to the caveat that a Rule 56 motion is an extreme remedy requiring cautious application. *Saltzman v. Atlantic*

---

**3.** The claim for attorney's fees was waived in the agreed statement of facts and therefore is not before us.

*Realty Co.,* 434 A.2d 1343, 1344 (R.I.1981). In this light we consider the propriety of the trial justice's grant of defendant's motion for summary judgment.

The dispositive issue, whether Mullins was covered under the terms of Federal's automobile insurance, requires judicial construction of the language of the American policy as a matter of law. *Steinberg,* 427 A.2d at 340. The trial justice's ruling on this issue, absent an abuse of discretion or error of law, should not be disturbed. *Ludwig v. Kowal,* 419 A.2d 297, 304 (R.I. 1980). The trial justice, in construing the automobile policy at issue, its exclusions and definitions, ruled that Mullins operated an automobile business as defined in the policy and was therefore excluded from coverage under section II. Our court, until now, has yet had to interpret such an exclusion. The trial justice, therefore, was forced to draw on analagous decisions of other jurisdictions to assist in construing the policy. However, our own analysis of both Rhode Island law and case law from other courts leads us to the opposite conclusion.

When a court is called upon to interpret the terms of an insurance policy, which is essentially a contract between the insurance company and its insured, effect must be given to the plain, ordinary meaning of the language employed. *Bush v. Nationwide Mut. Ins. Co.,* 448 A.2d 782, 784 (R.I.1982); *Lally v. Automobile Mut. Ins. Co. of America,* 114 R.I. 582, 585, 337 A.2d 243, 245 (1975); *McGowan v. Connecticut Gen. Life Ins. Co.,* 110 R.I. 17, 19, 289 A.2d 428, 429 (1972). When the terms of the policy are subject to more than one reasonable interpretation, then that language should be construed strictly against the insurance company. *Bush,* 448 A.2d at 784; *Goucher v. John Hancock Mut. Life Ins. Co.,* 113 R.I. 672, 681, 324 A.2d 657, 662 (1974). A court should not, however, stretch its imagination in order to read ambiguity into a policy where none is present. *McGowan,* 110 R.I. at 19, 289 A.2d at 429.

With these principles of construction in mind, we examine whether, under the policy provisions at issue, Mullins was an insured entitled to coverage. Mullins would be classified as an insured if Forte, as his agent, was "using an owned automobile or a hired automobile with the permission of [Federal], provided his actual operation * * * is within the scope of such permission * * *." Clearly Forte was towing the dairy truck at Federal's request. This fact is undisputed. Whether towing is a "use" as required by the policy is deserving of our consideration. Other jurisdictions have held that towing a vehicle is a contemplated "use" under policies with similar clauses.[4] *See Westfield Ins. Co. v. Aetna Life & Cas. Co.,* 153 Ariz. 564, 568, 739 P.2d 218, 222 (1987), and cases cited. "The term 'use' within the meaning of an omnibus clause is not confined to motion on the highway but extends to any activity involved in the utilization of the covered vehicle in the manner intended or contemplated by the insured." 12 *Couch on Insurance* 2d § 45:325 at 668 (rev. ed.1981); *see also Dairyland Ins. Co. v. Drum,* 193 Colo. 519, 521–22, 568 P.2d 459, 461–62 (1977); *Howard v. Ponthieux,* 326 So.2d 911, 914 (La. Ct.App.1976); *Hartford Accident & Indem. Co. v. Travelers Ins. Co.,* 167 N.J. Super. 335, 344, 400 A.2d 862, 867 (1979). Clearly, the term "use" is broad enough to encompass the act of towing. Furthermore, it is not an unreasonable assumption on the part of this court that the parties to an insurance contract may envision the need to engage a tow truck in order to rescue a disabled vehicle, which would clearly be covered under the terms of the policy. We are therefore in agreement with the other jurisdictions holding that towing is a contemplated "use" of a vehicle falling within the parameters of an omnibus clause.

The second and pivotal question then becomes whether the towing of a vehicle is an activity that is precluded from coverage under the automobile-business ex-

**4.** "Omnibus clause" is a term of art attached to this particular type of clause in an insurance policy. 12 *Couch on Insurance* 2d § 45:291 at 616 (rev. ed.1981).

clusion found in section II(v) of Federal's automobile-liability insurance. This section disallows coverage for "any person while employed in or otherwise engaged in duties in connection with an automobile business." Automobile business is further defined as "the business or occupation of selling, repairing, servicing, storing or parking automobiles." The parties to this particular action have stipulated to the fact that Mullins "was in the business of servicing, repairing, and storing automobiles, among other activities." However, the parties also stipulated that Mullins was hired solely to tow the truck to a Federal garage where Federal itself would effectuate repairs. In light of this stipulation our focus is on whether the policy excludes from coverage any person who operates an automobile business in and of itself or whether the exclusion applies when that person is engaged in an activity *in connection with that business* at the time of the incident.

Again, this is a case of first impression for our court, and therefore, a consideration of case law from other jurisdictions is helpful. The Fifth Circuit decision in *Maryland Casualty Co. v. Integrity Insurance Co.*, 693 F.2d 506 (5th Cir.1982), is particularly instructive. The *Maryland* court found that "[t]he cases excluding from coverage accidents that occurred while the insured vehicle was being transported explicitly rely on the fact that the transportation was conducted *in connection with* an activity expressly mentioned in the definition of an automobile business." *Id.* at 509. The business at issue in this case was solely a wrecking service, and therefore, the towing of the disabled vehicle was not in connection with the repairing, storing, or other listed activities that make up the definition of an automobile business. *Id.*

The United States District Court for the District of Nevada has also considered an exclusion similar to the one we consider now. *Transamerica Ins. Group v. State Farm Mut. Auto. Ins. Co.*, 492 F.Supp. 283 (D.Nev.1980). That court found that "[i]n such clauses, the focus is clearly on the occupation or activities of the driver at the time the claim arises." *Id.* at 286. Its decision in applying the exclusion was simplified by the fact that the driver was engaged in parking automobiles, an activity clearly excluded from coverage under the policy. *Id.* at 287; *see also Westfield*, 153 Ariz. at 569, 739 P.2d at 223 (towing not listed in definition); *Demshar v. AAA Con Auto Transport Inc.*, 337 So.2d 963, 965 (Fla.1976) (engaged for transportation only).[5]

In light of the foregoing we hold that the automobile-business exclusion should only preclude coverage when an insured, at the time of the accident, is engaged in an activity *in connection with* one of the listed activities. The language of the policy is clear on its face and does not include towing among the activities that make up an automobile business. Therefore, as applied to the facts of the case at bar, the exclusion is ineffective. Mullins was employed only to tow a disabled vehicle to Federal's own garage, where Federal would make repairs. Although Mullins did repair, service, and store vehicles, Federal did not employ him in this capacity. Thus the towing service provided was not done *in connection with* his automobile business as defined in the exclusion.

Issues of timely notice and the extent of liability under the American policy were also briefed by the parties. These were not addressed by the trial justice and therefore are not for us to consider. In light of our decision they are appropriate issues for determination on remand.

Accordingly the plaintiffs' appeal is sustained, the judgment appealed from is reversed, and this case is remanded to the Superior Court for further proceedings consistent with this opinion.

---

**5.** The defendant relies heavily upon *Continental Nat'l. American Group v. Allied Mut. Ins. Co.*, 95 Idaho 251, 506 P.2d 478 (1973), to support its contention that the exclusion applies. The decision is easily distinguishable, however, because the policy did not contain the terms "in connection with;" terms we consider dispositive of the issue. *Id.* at 252–53, 506 P.2d at 479–80.