[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendant Gladys D'Ambra's motion for summary judgment pursuant to Super. Ct. R. Civ. P. 56.
FACTS
On November 22, 1988, People's Bank National Association ("plaintiff") filed an interpleader complaint against Gladys D'Ambra, Anthony Carmello and Anna F. DiMuccio ("defendants"). Defendants' father Bartholomeo Ciaramello maintained three savings accounts at People's Bank. As a result of Bartholomeo Ciaramello being declared incompetent, defendants have claimed authority and control over the accounts. The plaintiff's complaint sought to enjoin the defendants from maintaining an action against the Bank and to require the defendants to interplead their rights to sums of money held by the plaintiff. The plaintiff also sought permission to deposit the money in the registry of the court, and thereby discharge itself from all liabilities to the defendants with respect to the subject matter of the jurisdiction.
On November 25, 1988, Bartholomeo Ciaramello died testate. The plaintiff filed an amended interpleader complaint on March 8, 1989. On December 18, 1990, an order was granted for the plaintiff's motion. Then, on January 23, 1991, a supplementary order decreed the following amounts and accounts:
 a. Frank Ciaramello or Gladys D'Ambra Account No.: 24734-643-3 People's Account No: 15-72103-5 Account Balance: $6,305.92
 b. Frank Ciaramello or Gladys D'Ambra Account No.: 624-767-739-3 People's Account No.: 8215-00644-5 Account Balance: $77,341.30
 c. Bartholomeo Ciaramello Account No.: 624-762-437-5 People's Account No.: 0815-02078-4 Account Balance: $205.74
The plaintiff paid $82,852.96 on January 25, 1991, into the registry of the court, discharging itself from all liability in the present action. The defendants were left to interplead the accounts.
On May 24, 1991, the defendant Gladys D'Ambra moved for summary judgment in the amount of $83,647.22 plus interest. The funds result from the following accounts which bear D'Ambra's name as a joint account holder. On July 5, 1991, defendants Anna F. DuMuccio and Frank Ciaramello, Jr., co-executors of the Estate of Bartholomeo Ciaramello, filed an objection to D'Ambra's summary judgment.
Rule 56(c) of the Superior Court Rules of Civil Procedure empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." When passing on a motion for summary judgment, the only question before the trial justice "is whether there is a genuine issue as to any material fact which must be resolved." Rhode Island Hospital TrustNational Bank v. Boiteau, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977); see also Trend Precious Metals Co. v. Sammartino, Inc.,577 A.2d 986, 988 (R.I. 1990); Banks v. Bowen's Landing Corp.,522 A.2d 1222, 1224 (R.I. 1987). "When determining whether any genuine issue of material fact exists, the trial justice . . . views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party." Mullins v.Federal Dairy Co., 568 A.2d 759, 761 (R.I. 1990). It is the party against whom the motion for summary judgment is filed who "bears the burden of proving, with competent evidence, the existence of a factual dispute." Trend Precious Metals Co., 577 A.2d at 988. Moreover, the weight and the credibility of the evidence are not to be considered by the court. Mullins, 568 A.2d at 761. However, because summary judgment is an extreme remedy, it must be applied cautiously. Trend Precious MetalsCo., 577 A.2d at 988; Mullins, 568 A.2d at 761.
CO-EXECUTOR'S ARGUMENT AGAINST SUMMARY JUDGMENT
Defendants DiMuccio and Ciaramello ("co-executors") here object to the motion for summary judgment on the ground that D'Ambra fraudulently induced the decreased to add her name to his accounts at People's Bank. The co-executors argue that the deceased father intended the savings accounts to be shared among the three children and that Gladys' name was placed on the account only for convenience.
The co-executors further contend that Pike v. Pike,574 A.2d 741 (R.I. 1990) is non-controlling. Pike involved a probate dispute regarding disposition of joint bank account funds. 574 A.2d at 741. The Pike court held that where a will directs the executor to distribute funds to the survivor of a joint savings account, the funds "should be distributed according to the explicit directive of the joint savings clause." Id. at 743. However, the executors claim that because Gladys D'Ambra's name was added to the account through fraud, her name should not be considered on the account.
ANALYSIS
This court finds the co-executors argument unconvincing. The co-executors allege that D'Ambra fraudulently induced the deceased to add her name to the account. These allegations are not supported by any evidence. In the absence of any indication of fraud or deceit, the court finds Pike controlling.
Pike considered the interpretation of a clause in will similar to that of the deceased. 574 A.2d at 743. The third paragraph of the deceased's will reads as follows:
 THIRD: Disposition of Certain Joint Property. In case at the time of my death there are funds upon deposit in any savings or checking account in any financial institution, or any bonds, shares of stock of other securities of any government or governmental agency or of any corporation or savings and loan or building-loan association, standing in my name together with the name of any other person. I give and bequeath my interest in the person, if than living. In whose name the same may stand together with mine.
In Pike the disputed clause "provided that the funds in the joint bank accounts were to be given `to the person or person, if then living, in whose name or names the same may stand together with mine, and if any passbook, certificate or other document evidencing any such account * * * be found among my effects, I direct my executor to deliver the same to him, her or if more than one, either of them." 574 A.2d 743. Since the two clauses are nearly identical, this court finds Pike controlling. Thus, the deceased's joint bank accounts must be distributed pursuant to the joint account clause. Id.
This court finds that the co-executors have not met their burden of proving with competent evidence the existence of a factual dispute. Trend, 577 A.2d at 988. The co-executors have not offered any evidence to support their allegations that a fraud was perpetrated. In the absence of such evidence, this court grants Gladys D'Ambra's motion for summary judgment and awards to her the funds from accounts Nos. 24-734-643 and 624-767-739-3 totalling $83,647.22 plus interest. Counsel shall prepare an order to reflect the above disposition.