[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiff's motion for summary judgment against defendant Clyde E. Ross, Jr.[1]
On December 29, 1990, the Rev. Clyde E. Ross, Sr. died testate in Providence, Rhode Island. His wife, Mayetta Ross ("plaintiff") was appointed administratrix of his estate by the Providence Probate Court.
The Rev. Ross held a money market account number 10120-0631094 at Old Stone Bank. His son, Clyde E. Ross, Jr. ("defendant") was also listed on the account. As of January 14, 1991 the account had a balance of $12,165.85.
Both Clyde E. Ross, Jr. and Mayetta Ross agreed that the $12,165.85 would be equally divided between them after all of the debts of the estate were paid. The debts included $3,044 in funeral expenses and $1,500 in legal fees — $1,000 owed to Pearlman Vogel and $500 owed to Gorham Gorham.
On March 18, 1991, Clyde E. Ross, Jr. closed out the account without authorization from the administratrix, Mayetta Ross.
On April 24, 1991, the plaintiff filed a complaint seeking a summary judgment against the defendant and a declaration that she should be declared the sole owner of account #10120-0631094. On the same day, the plaintiff filed a supporting affidavit. The defendant has not filed an objection.
Rule 56(c) of the Superior Court Rules of Civil Procedure empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." When passing on a motion for summary judgment, the only question before the trial justice "is whether there is a genuine issue as to any material fact which must be resolved." Rhode Island Hospital TrustNational Bank v. Boiteau, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977); see also Trend Precious Metals Co. v. Sammartino,Inc., 577 A.2d 986, 988 (R.I. 1990); Banks v. Bowen's LandingCorp., 522 A.2d 1222, 1224 (R.I. 1987). "When determining whether any genuine issue of material fact exists, the trial justice . . . views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party."Mullins v. Federal Dairy Co., 568 A.2d 759, 761 (R.I. 1990). It is the party against whom the motion for summary judgment is filed who "bears the burden of proving, with competent evidence, the existence of a factual dispute. Trend Precious Metals Co.,
577 A.2d at 988. Moreover, the weight and the credibility of the evidence are not to be considered by the court. Mullins, 568 A.2d at 761. However, because summary judgment is an extreme remedy, it must be applied cautiously. Trend Precious MetalsCo., 577 A.2d at 988; Mullins, 568 A.2d at 761.
Based upon the undisputed representations contained in the plaintiff's affidavit, this Court grants the motion for summary judgment.
[1] The plaintiff dismissed with prejudice its complaint against the other defendant, Old Stone Bank, on June 6, 1991.