[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on defendant Rhode Island Hospital's motion for summary judgment pursuant to Rule 56 of the Rhode Island Rules of Civil Procedure. Plaintiffs Frank L. Pari and Rosemary L. Pari originally filed this medical malpractice lawsuit against defendants alleging negligent care and treatment of their daughter Catherine Pari (hereinafter "Catherine") which proximately caused her death.
Catherine was born on June 26, 1976 with a congenital heart defect. She was under the treatment and care of defendant Dr. Robert Corwin and was operated on by defendant Dr. Arun K. Singh shortly after her birth. At the time of the alleged negligence referred to in plaintiffs' complaint, Catherine was being treated and cared for under a program operated by the Rhode Island Department of Health entitled "The Crippled Children's Program." Catherine was also operated on at Rhode Island Hospital and was the subject of several cardiac catheterization conferences at Rhode Island Hospital.
Count VI of plaintiffs' complaint alleges that Rhode Island Hospital breached its legal duty to investigate and monitor doctors Corwin and Singh. In contrast, Rhode Island Hospital's motion for summary judgment argues that Rhode Island Hospital was not responsible for Catherine's treatment and care because no legal duty existed. Rhode Island Hospital further states that it merely provided hospital space to the Crippled Children's Program and that the doctors directly billed the program as the supervising authority over patients such as Catherine.
The Rhode Island Supreme Court has held that a hospital is liable for actions taken by its medical staff if it is shown that the physician was an employee of the corporation rather than a mere independent contractor. Berarducci v. Rhode Island Hosp.,459 A.2d 963, 964 (R.I. 1983). For example, a resident physician is considered to be an agent of a hospital instead of an independent contractor. Myles v. Women and Infants Hosp. ofRhode Island, 504 A.2d 452, 453 n. 3 (R.I. 1986). Accordingly, the issue to be determined regarding this motion for summary judgment is whether doctors Corwin and Singh are employees of Rhode Island Hospital or are independent contractors.
A motion for summary judgment is a drastic remedy and should be cautiously applied. Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). The Court will view the pleadings, affidavits, and other relevant documentation in the light most favorable to the opposing party in determining whether any genuine issue of material fact exists. Mullins v. Federal Dairy Co.,568 A.2d 759, 761 (R.I. 1990). Summary judgment will only be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tangleridge Dev.Corp. v. Joslin, 570 A.2d 1109, 1111 (R.I. 1990).
Rhode Island Hospital contends that the pleadings and discovery, especially the affidavit of Roland C. Loranger, Director of Quality Assurance/Risk Management at Rhode Island Hospital, indicate that the hospital had absolutely no involvement with Catherine's treatment, diagnosis, or evaluation. The Court finds, however, that Loranger's affidavit is silent regarding whether the doctors are employees of the hospital or merely independent contractors. Moreover, in the answer to interrogatory number 25 wherein plaintiffs sought an explanation of the relationship between the hospital and Dr. Corwin, Rhode Island Hospital stated that Corwin is "an independent contractor and a member of the Division of Pediatric Cardiology." Additionally, Dr. Corwin stated in answer to interrogatory number 29 which sought a description of the relationship between him and Rhode Island Hospital that he was "the physician in charge of the Division of Pediatric Cardiology at Rhode Island Hospital from 1972 to 1978 and Director . . . [of the division] from 1979 to 1984." He also stated that "there were no other employees . . . [of the division] during [his] tenure from 1972 through 1984."
The Court finds that a review of the above mentioned documentation presents a question of fact to be resolved at a future date.
Accordingly, for the above mentioned reasons, defendant's motion for summary judgment is denied.