[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on the defendant Robert Brunelle's motion for summary judgment pursuant to Super. Ct. R. Civ. P. 56. The plaintiffs, Brian and Jacquelyn Albano, have filed a timely objection.
On April 14, 1989, plaintiffs and defendants entered into a purchase and sale agreement relative to a house located on Lot #4 at Owen Lane in Barrington, R.I. The purchase price was $265,000. In the sales agreement, under the title "additional provision," the parties' agreed that the "builder [was] to finish or complete the following three items: Dryer to be vented outside through backside of roof; boundary lines to be surveyed and clearly marked; bulkhead to be caulked. Builder warrantees the house's structure and major systems from defects for one (1) year."
On April 6, 1990, the plaintiffs notified the defendant that certain defects existed in the house. Not receiving a satisfactory response from the defendant, the plaintiffs hired a private contractor, Anthony A. Nunes, to repair the defects. Thereafter on February 21, 1991, the plaintiffs filed a complaint alleging that the defendants were negligent in supervising the design and construction of the house. Furthermore, the plaintiffs demanded from the defendants the cost incurred for repairing the house, plus costs and attorneys's fees.
Rule 56(c) of the Superior Court Rules of Civil Procedure empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When passing on a motion for summary judgment, the only question before the trial justice "is whether there is a genuine issue as to any material fact which must be resolved." Rhode Island Hospital TrustNational Bank v. Boiteau, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977); see also Trend Precious Metals Co. v. Sammartino,Inc., 577 A.2d 986, 988 (R.I. 1990); Banks v. Bowen's LandingCorp., 522 A.2d 1222-1224 (R.I. 1987). "When determining whether any genuine issue of material fact exists, the trial justice . . . views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party." Mullins v.Federal Diary Co., 568 A.2d 759, 761 (R.I. 1990). The party against whom the motion for summary judgment is filed "bears the burden of proving, with competent evidence, the existence of a factual dispute." Trend Precious Metals Co., 577 A.2d at 988. Moreover, the weight and the credibility of the evidence are not to be considered by the Court. Mullins, 568 A.2d at 761. However, because summary judgment is an extreme remedy, it must be applied cautiously. Trend, 577 A.2d at 988; Mullins, 568 A.2d at 761.
The plaintiffs allege in paragraphs 4 and 14, respectively, of their complaint that they entered into a contract with the defendant in May, 1989, to build and design a house and that the defendant personally dealt with them and assured them he would take responsibility for the designing and building of said house. The defendants in their answer at paragraphs 4 and 14 respectively, deny that such agreement ever existed or that such personal assurance was extended. Defendants contend that the house was built on speculation during 1988 without a specific buyer in mind. Moreover, the defendants claim not to have met the plaintiffs until the signing of the sales agreement on April 14, 1989. Therefore, the Court finds a dispute between the parties over the existence of both a contract to design and build a house and personal assurance made by the defendant. Because the present action involves the nature of the contractual agreement and personal assurance made in support thereof, the Court finds that the disputes represent issues of material facts.
For the above reasons the Court refuses to grant the defendant's motion for summary judgment.
Counsel shall prepare an order to reflect the above disposition.