[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is Sunbeam Leisure Products' ("defendant") motion for summary judgment on Counts I, II and III of Sandra DiMarzio's ("plaintiff") complaint pursuant to Super. Ct. R. Civ. P. Rule 56.
FACTS
Plaintiff filed this civil action on May 10, 1990, seeking compensation for injuries allegedly suffered when a propane grill manufactured by defendant caught fire. As a result of this incident, plaintiff claims that smoke inhalation after the fire caused her permanent lung injury. The theories of recovery alleged in the three count complaint include negligence, breach of implied warranty, and strict liability.
In her deposition plaintiff testified that one week after the fire she sought medical attention at the North Providence Emergency Room (Deposition of Sandra DiMarzio p. 9). Dr. D'Amato, the treating physician, prescribed cough medicine for the plaintiff who complained of a persistent cough and back pain due to "smoke inhalation." Plaintiff made two subsequent visits to the emergency room because of her cough and back pain. At the last visit Dr. Amato recommended that plaintiff see Dr. Corrao, a pulmonary specialist.
After examining the plaintiff, Dr. Corrao stated in a letter to plaintiff's attorney that "it was hard to say whether or not her smoke inhalation really had anything to do with" plaintiff's respiratory problems. Dr. Corrao had treated plaintiff for the same type of lung problem prior to the fire and recommended at the time of the first treatment that she quit her 25 year pack-a-day cigarette habit. The doctor concluded, in his report to plaintiff's attorney, that, though his examination revealed some worsening in plaintiff's condition, it was impossible to determine whether the worsening was due to the natural progression of her illness or due to smoke inhalation.
DISCUSSION
A court shall grant summary judgment pursuant to Rule 56 only when an examination of the evidence "reveals no issue of material fact, and the moving party is entitled to judgment as a matter of law." O'Hara v. John Hancock Mutual Life Insurance Co.,574 A.2d 135, 136 (R.I. 1990). Courts shall view the evidence in the light most favorable to the opposing party and may not consider the weight or credibility of the evidence. Mullins v. FederalDairy Co., 568 A.2d 759, 761 (R.I. 1990). The party in opposition to the motion for summary judgment bears the burden of proving the existence of an issue of material fact. TrendPrecious Metals v. Sammartino, 577 A.2d 986 (R.I. 1990).
Plaintiff asserts that an issue of material fact exists with respect to the issue of proximate cause. In order to establish defendant's liability, plaintiff must show by a preponderance of the evidence that defendant's negligence was the proximate cause of plaintiff's injuries. Randall v. Holmes, 69 R.I. 41, 45,31 A.2d 17 (1943). Similarly, plaintiff's strict liability claim (Count III) requires plaintiff to demonstrate a causal link between the defective product and the plaintiff's injuries.Scittarelli v. Providence Gas Co., 415 A.2d 1040, 1045 (R.I. 1980); Thomas v. Amway Corp., 488 A.2d 716, 722 (R.I. 1985).
Plaintiff relies on the medical reports of Dr. Amato to support her claim that an issue of material fact exists. However, nothing in the doctor's reports indicate that there was a causal connection between the fire incident and the plaintiff's lung problems. A reading of the reports indicate that Dr. Amato, who was not a pulmonary specialist but an emergency room doctor, simply wrote down the plaintiff's complaint of a cough and back pain due to smoke inhalation and prescribed cough medicine. When the cough persisted, Dr. Amato recommended that the plaintiff see a specialist.
The only doctor who made an expert evaluation of plaintiff's condition and the cause of the condition was Dr. Corrao. Dr. Corrao could not determine with any certainty whether plaintiff's smoke inhalation caused her lung problem. Therefore, even in the light most favorable to the plaintiff, the evidence fails to reveal a dispute of the proximate cause issue. Plaintiff has failed to present competent evidence supporting her claim that defendant's product was the proximate cause of her injury.Steinberg v. State, 427 A.2d 338, 340 (R.I. 1981).
After careful consideration of the pleadings and depositions submitted and the arguments of counsel, this court finds that no material issue of fact exists. This court further finds that because plaintiff has failed to present evidence that defendant's product was the proximate cause of her injuries, defendant is entitled to judgment as a matter of law. Thomas, supra, at 722. Accordingly, pursuant to Super. Ct. R. Civ. P. Rule 56, summary judgment is granted in favor of the defendant on Counts I, II and III. Counsel shall prepare an order in conformity with this decision.