[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Carolyn F. Brassil, Tax Collector for the City of Providence ("plaintiff"), has moved for an entry of summary judgment against Keven A. McKenna ("defendant") pursuant to Super. Ct. R. Civ. P. Rule 56.
FACTS
On March 19, 1991, plaintiff filed this complaint in District Court seeking to recover unpaid taxes from the defendant. In her complaint, plaintiff alleged that defendant owed excise taxes for 1989 and tangible taxes for the years 1981, 1982, 1984, 1985, 1986, 1988, and 1989. On June 11, 1991 the District Court granted plaintiff's motion for summary judgment. Defendant filed a timely appeal to this court where plaintiff has again moved for summary judgment.
DISCUSSION
Super. Ct. R. Civ. P. Rule 56 authorizes the Court to enter judgment as a matter of law "when there is no genuine issue of material fact to be resolved." Mullins v. Federal Dairy Co.,568 A.2d 759, 761 (R.I. 1990). The evidence must be viewed in the light most favorable to the party in opposition to the motion.O'Hara v. John Hancock Mutual Life Insurance Co., 574 A.2d 135, 136 (R.I. 1990). The opposing party bears the burden of proving the existence of a dispute of material fact. Trend PreciousMetals v. Sammartino, 577 A.2d 986, 988 (R.I. 1990).
In the instant case, defendant has failed to allege the existence of any factual dispute. Pursuant to R.I.G.L. 1956 (1988 Reenactment) § 44-5-26(a), an aggrieved taxpayer may appeal to the local tax assessor that amount which the taxpayer believes to be in dispute. However, this appeal must be brought within three (3) months after the last day appointed for the payment without penalty of the tax. Therefore, defendant's contention that the amount of taxes to be paid were in dispute, or, alternatively, that certain taxes were actually paid, is irrelevant. Defendant had the right to challenge the amount of taxes assessed, but failed to do so within the prescribed time period. Additionally, defendant had the option to produce the cancelled checks to prove that certain taxes were paid, yet failed to do so.
Furthermore, § 44-5-27 specifically provides that the aggrieved taxpayer's exclusive remedy is limited to the provisions of § 44-5-26. In challenging a tax levy, the taxpayer must comply with this procedure. Northgate Associates v.Shorey, 541 A.2d 1192 (R.I. 1988); Law v. Law Trucking Co.,488 A.2d 1225 (R.I. 1985). Although this Court is mindful that it has the authority, pursuant to § 44-5-27, to invoke its equity jurisdiction in a proper case, said authority may only be exercised where the taxpayer files a complaint within three (3) months of the last date for payment of the tax without penalty. Defendant herein has grossly exceeded this time limit and, as such, is barred from raising any dispute with respect to the taxes owed for the years in question.
After careful consideration of the pleadings, affidavits, and arguments of counsel, this Court finds that no dispute of material facts exist. The undisputed facts demonstrate that defendant is delinquent in paying tangible taxes assessed under R.I.G.L. § 44-3-1 and excise taxes assessed under § 44-34-1. Moreover, defendant has failed to timely object to the respective taxes as is required under R.I.G.L. § 44-5-26 and § 44-5-27.
Accordingly, plaintiff is entitled to judgment as a matter of law as defendant has failed to demonstrate the existence of a genuine issue of material fact.
Counsel shall prepare the appropriate judgment for entry.