[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff Barbara Sokoloff's motion for summary judgment pursuant to Sup. Ct. R. Civ. P. 56.
On November 7, 1984 defendant, Ruth Garrow Tongue, signed an Affidavit of Family Facts at the request of Attorney William J. Peotrowski, Jr. The Affidavit stated that the defendants, Ruth Garrow Tongue and her sister, Dorothy Garrow Salisbury were the sole heirs at law of their uncle, Peter David Garrow. Mr. Garrow apparently was the owner of certain property, located in the City of Warwick, Rhode Island, which was previously sold at a tax sale and is presently the subject matter of this dispute.
Also on November 7, 1984 at the request of Mr. Peotrowski, the defendants conveyed their right, title and interest in the disputed property by means of a Quitclaim Deed to Wallace Maxon. The alleged deed was recorded in the Land Evidence Records of the City of Warwick on December 12, 1984 in Book 629 at Page 145. This deed indicates that $2.20 was paid for revenue stamps.
Subsequently, numerous conveyances ensued, transferring title of said property to plaintiff's predecessors and ultimately to plaintiff, Barbara Sokoloff.
On or about December 12, 1989 plaintiff petitioned this court to foreclose all rights of redemption of defendants from the tax lien proceedings involving the aforementioned property. Plaintiff's petition was heard on the Formal and Special Cause Calendar and was denied. Plaintiff now moves this Court for Summary Judgment to which defendants object.
Rule 56(c) of the Superior Court Rules of Civil Procedure empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When passing on a motion for summary judgment, the only questions before the trial justice "is whether there is a genuine issue as to any material fact which must be resolved." Rhode Island Hospital TrustNational Bank v. Boiteau, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977); see also Trend Precious Metals Co. v. Sammartino,Inc., 577 A.2d 986, 988 (R.I. 1990); Banks v. Bowen's LandingCorp., 522 A.2d 1222, 1224 (R.I. 1987). "When determining whether any genuine issue of material fact exists, the trial justice . . . views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party."Mullins v. Federal Dairy Co., 568 A.2d 759, 761 (R.I. 1990). The party against whom the motion for summary judgment is filed "bears the burden of proving, with competent evidence, the existence of a factual dispute." Trend Precious Metals Co., 577 A.2d at 988. Moreover, the weight and the credibility of the evidence are not to be considered by the Court. Mullins, 568 A.2d at 761. However, because summary judgment is an extreme remedy, it must be applied cautiously. Trend, 577 A.2d at 988;Mullins, 568 A.2d at 761.
Plaintiff insists that defendants relinquished all rights and interest in the disputed property by means of the Quitclaim Deed conveyed to Wallace Maxon on November 7, 1984. Defendants, however, have both stated that they did not knowingly sign a Quitclaim Deed with the present intent to divest themselves absolutely of title to the property.
This Court finds that there clearly exists a genuine issue of material fact, namely whether or not the defendants had a present intent to transfer their interest in said property to Wallace Maxon upon signing the alleged deed.
The law unequivocally states that to convey title to land, the deed must be delivered to the grantee. Kelly v. McMinniman,
123 A. 289 (1924). The ordinary test of delivery is whether the grantor by words or acts intended to divest himself of title to the estate described in the deed. If so, the deed is delivered, otherwise it is not. Johnson v. Johnson, 77 R.I. 463,77 A.2d 325 (1950). The grantor's present intent to absolutely divest himself of title to the property by virtue of the deed is essential to a valid delivery. Lockwood v. R.I. Hospital TrustCo., 6 A.2d 707, 62 R.I. 494 (1939).
In the present case, plaintiff asserts that defendants intended to convey all their interest in said property when they signed the Quitclaim Deed to Wallace Maxon. Plaintiff offers testimony from defendants' depositions in which they acknowledged signing the alleged deed and understanding it to be "some sort of a release of ownership or something." (Dorothy Salisbury's deposition pages 10-12).
Defendants, however, argue that they did not knowingly sign the Quitclaim Deed. Defendants contend that Attorney Peotrowski requested that they sign numerous documents, for many of which he only showed them the bottom of the pages, keeping the top covered. It was one of these documents which turned out to be a Quitclaim Deed from defendants to Wallace Maxon. In addition, defendants state that they never received consideration for the property. The testimony adduced at the depositions presents conflicting and ambiguous statements pertaining to defendants' intent and knowledge at the time the deed was signed. Furthermore, the involvement of Mr. Peotrowski, a disbarred attorney with a lengthy history of unethical and illegal activities, causes this Court to be leery as to what actually transpired between the parties.
This Court has considered the arguments of counsel. It has reviewed the trial discovery responses contained in the file. After due consideration, the Court finds that there remain material issues of fact to be resolved: namely whether the defendants' had the requisite present intent to divest themselves absolutely of all interest in the disputed property at the time of signing the Quitclaim Deed to Wallace Maxon.
Accordingly, the motion for summary judgment is denied. Counsel shall prepare the appropriate judgment for entry.