Anthony P. LOMBARI

v.

SCOTT BRASS, INC. and
Harvey Golden.

No. 92-629-Appeal.

Supreme Court of Rhode Island.

June 16, 1993.

ORDER

This case came before us pursuant to an order directed to both the plaintiff and the defendants to appear and show cause why the issues raised in the defendants' appeal should not be summarily decided. After considering the arguments and memoranda of counsel, we sustain the defendants' appeal.

The defendants, Scott Brass, Inc. (Scott Brass) and its chief executive officer, Harvey Golden (Golden), appeal from the entry of a partial summary judgment in Superior Court in favor of plaintiff, Anthony P. Lombari (Lombari). Lombari, a former president of Scott Brass, was terminated from his employment at the company on July 23, 1990, after having worked there since 1972. Since 1983, Lombari had been participating in the company's accrued-deferred compensation plan, through which he had accrued over $260,000 at the time of his termination.

On April 10, 1991, after not having received the money allegedly owed to him, Lombari filed suit against defendants, seeking damages for breach of contract for both his accrued back salary and his severance pay, money had and received, fraud, and the statutory payment of wages. The defendants counterclaimed, alleging that plaintiff breached his fiduciary duty to Scott Brass, its shareholders, and its officers, including Golden, and that plaintiff committed fraud upon the company. Specifically defendants claim that on numerous occasions plaintiff deliberately falsified and altered finance reports that were submitted to Golden for the purpose of evaluating the company's performance, which in turn led Golden to reward what appeared to be

plaintiff's outstanding efforts with substantial monetary bonuses.

On November 26, 1991, plaintiff moved for partial summary judgment on his claims seeking his deferred compensation, namely the breach-of-contract claim for accrued back salary and the money-had-and-received claim. On January 7, 1992, the trial justice granted plaintiff's motion, and a judgment for plaintiff thereafter was entered in the amount of $262,346.77 in Superior Court pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The defendants challenge the propriety of this partial summary judgment. The plaintiff's three remaining claims and defendants' counterclaim, however, are still pending in Superior Court.

In considering a party's motion for summary judgment, the trial justice must examine the pleadings, affidavits, and other relevant documents in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 761 (R.I.1990). In the instant case we find the trial justice erred in concluding that no issue of material fact existed with respect to the plaintiff's deferred compensation. The pleadings and supporting affidavits reveal that the defendants' counterclaims of breach of fiduciary duty and fraud mandate a query into whether the plaintiff was in fact entitled to over $260,000 in compensation which he allegedly accrued through fraudulent means. The defendants' unresolved counterclaims are inextricably intertwined with the plaintiff's claim that he is entitled to his deferred compensation, and therefore partial summary judgment should have been denied. The provisions of G.L.1956 (1986 Reenactment) § 28-14-24 do not insulate the deferred compensation from this factual dispute.

Accordingly the defendants' appeal is sustained. The Superior Court judgment appealed from is vacated, and this case is remanded to the Superior Court.