PETER JOHNSON *et al. vs.* MARY A. JOHNSON.

PROVIDENCE—JANUARY 5, 1903.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Deeds.  Delivery.  Retaining Control of Deed in Hands of Third Party.  Wills.*

A deed may be effectual to convey title, although delivered to a third person to hold until the grantor's death and then to deliver it to the grantee. But to make such delivery valid, the deed must be left with the depositary without any reservation on the part of the grantor, express or implied, of the right to recall it or otherwise to control its use.

A. executed a quitclaim deed to B. and left it with C. with direction, in case anything happened to her (A.), that C. should deliver it to B.  C. understood that the deed was left with him subject to the control of A. during her life.  A. advertised the property for sale, paid the taxes, collected the rents, and paid the interest on the mortgage.  After the death of A., C. delivered the deed to B.  On bill to set aside the deed :—

*Held*, that there was no valid delivery of the deed.

*Held*, further, that the intended disposition of the property was evidently of a testamentary character, but, lacking the statutory execution, could not be allowed to have effect as a will.

BILL IN EQUITY to set aside a deed.  Heard on bill, answer, and proof.  Relief granted.

TILLINGHAST, J.   The only question presented for our decision by the bill, answer, and proof in this case is whether the deed under which the respondent claims title to the real estate described in the bill was so deposited or left with the witness Charles P. Moies by the grantor, during her lifetime, as to constitute an absolute delivery thereof for the use and benefit of the grantee.

The material facts in the case are these :  On May 9, 1899, Mary Johnson made and executed a quitclaim deed of the premises referred to, to the respondent, Mary A. Johnson, and left it with said Charles P. Moies, with direction that in case anything happened to her (she meaning thereby, as Moies understood it, that in case she should die), he should then deliver the deed to her daughter, said Mary A. Johnson.   He did not understand, however, from the instructions given him, that

the grantor intended by said acts to place the deed beyond her control, but, on the contrary, he understood that she retained the right to recall the deed at any time, and also that she retained the right to sell and dispose of the property thereafterwards if she saw fit. In short, the substance of Moies' understanding, from the instructions given him, was that the deed was left with him subject to the control of the grantor during her life, and that in case of her death, without having disposed of the property, he was to deliver the deed to the grantee named therein.

The grantor continued to exercise dominion over said real estate up to the time of her death, which occurred on the 13th day of November, 1901. She advertised it for sale, and in other ways attempted to effect a sale thereof ; she paid the taxes, collected the rents, and paid the interest on the mortgage thereon, and generally treated the estate as her absolute property. After her death said deed was delivered to the grantee by Moies, and by her caused to be recorded in the registry of deeds in Pawtucket. And the complainants now seek by this bill to have said deed set aside and declared void and of no effect, on the ground that no delivery thereof was ever effected by the grantor.

In view of the facts aforesaid, we are of the opinion that said deed was ineffectual to pass any title to the estate.

In order to convey title to real estate, it is necessary that the deed thereof shall be delivered to the grantee or to some one for his use. And the ordinary test of delivery is : Did the grantor by his acts or words, or both, intend to divest himself of the title to the estate described in the deed ? If so, the deed is delivered. But if not, there is no delivery ; and hence no title passes. See Am. & Eng. Ency. Law, vol. 9, 2nd ed. 154–8 ; *Brown* v. *Brown,* 66 Me. 316. In order to constitute a delivery, the grantor must absolutely part with the possession and control of the instrument. *Younge* v. *Guilbeau,* 3 Wall. 636 ; *Hawkes* v. *Pike,* 105 Mass. 562.

That a deed may be effectual to convey title, although delivered to a third person to hold until the grantor's death, and then to deliver it to the grantee, there can be no doubt. But

in order to make such a delivery valid, the deed must be left with the depositary without any reservation on the part of the grantor, either express or implied, of the right to recall it or otherwise to control its use. *Walter* v. *Way*, 170 Ill. 96 ; *Foster* v. *Mansfield*, 3 Met. 412. In other words, in order to make a delivery of a deed valid when it is made to a third person for the benefit of the grantee, such delivery must be an absolute one on the part of the grantor ; that is, he must divest himself of any right of future control thereof. And if such control is retained by the grantor, no estate passes.

The law relating to delivery of a deed is well stated in *Prutsman* v. *Baker*, 30 Wis. 644, as follows : " To constitute delivery good for any purpose, the grantor must divest himself of all power and dominion over the deed. To do this he must part with the possession of the deed and all right and authority to control it, either finally and forever, as where it is given over to the grantee himself, or to some person for him, which is called an absolute delivery ; or otherwise he must part with all *present* or temporary right of possession and control until the happening of some future event or the performance of some future condition, upon the happening or not happening, or performance or non-performance of which, his right of possession may return and his dominion and power over the deed be restored ; in which case the delivery is said to be contingent or conditional. An essential, characteristic, and indispensable feature of every delivery, whether absolute or conditional, is that there must be a parting with the possession, and of the power and control over the deed by the grantor for the benefit of the grantee, *at the time of delivery.* *Porter* v. *Woodhouse*, 59 Conn. 568 ; *Baker* v. *Haskell*, 47 N. H. 479."

In the case at bar the evidence shows that while there was a parting with the manual possession of the deed by the grantor, she did not part with the control thereof ; and hence a very essential element of delivery was lacking.

Her intended disposition of the property was evidently of a testamentary character. "In case she died," as Moies testifies, "she wanted the property to go that way." But an in-

strument which is intended to operate as a will, without being executed in accordance with the provisions of the statute relating thereto (Gen. Laws R. I. cap. 203), cannot be allowed to have the effect of a will. See *Providence Institution for Savings* v. *Carpenter*, 18 R. I. 287, and *Coulter* v. *Shelmadine*, 53 At. Rep. 638.

For the reasons above given, the deed in question must be set aside and declared null and void and of no effect.

Decree accordingly.

*Claude J. Farnsworth*, for complainants.

*Edward W. Blodgett*, for respondent.