JAMES ALKER *vs.* WILLIAM A. ALKER.

JUNE 6, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is a bill in equity to set aside a deed to the respondent from Elizabeth Patterson, now deceased. In the Superior Court a decree was entered which declared that the said deed was null and void and that respondent acquired no present or future right in the real estate purported to be conveyed thereby. The cause is here on respondent's appeal.

The parties are the heirs at law of said Elizabeth Patterson. The complainant was her brother and the respondent her nephew. Respondent was left an orphan when he was about six years of age and was sent to a home for orphaned children. When he was about twelve years old his aunt, Elizabeth Patterson, who was childless, took him into her own home, sent him to school and treated him as her own son. When he was able to work he found employment and turned his earnings over to his aunt. This relation continued until respondent married.

In 1930 Mrs. Patterson made a will in which respondent was made sole beneficiary. On November 19, 1931, she executed a deed conveying her real estate to respondent. The sole question presented by the record is whether there was a valid delivery. The attorney who drew the deed and took the grantor's acknowledgment testified in effect that

Mrs. Patterson came to his office with the respondent; that he told her that in order to make a good delivery she must deliver the property over and that she handed the deed to the respondent without any reservation, except that he should not record it until after her death. He further testified that he warned Mrs. Patterson that respondent could record the deed notwithstanding her direction to the contrary and she replied: "He is my boy. I brought him up."

The trial justice based his decision on the testimony of the respondent who was called as a witness by complainant. While the respondent denied that there was any agreement between himself and his aunt with respect to the property conveyed, or any condition attached to the delivery of the deed—except as to the recording—he testified that the property was his aunt's until her death. The court questioned the respondent as follows: Q. "What we are trying to find out: what was said between you and your aunt?" A. "There was nothing said." Q. "Just before she gave you the deed, at the time she gave you the deed?" A. "She gave me the deed and I took it and she said: 'It is yours now.'" Respondent further testified that he was told that the deed was not to be recorded until after his aunt's death and that she never had the deed in her possession after she delivered it to him. It is evident that the respondent was confused as to the purpose of his aunt in giving him the deed and that he did not propose to interfere in any way with anything she did with respect to the use and enjoyment of the rents of this property. But his views as to her interest in the property are not controlling.

It is probable that Mrs. Patterson intended to collect and use the rents of the property during her lifetime, as in fact she did, with full confidence that her nephew would not assert his ownership in the property until after her death. But the test of delivery is whether the grantor has absolutely parted with the custody and control of the deed. From

the record it appears that she actually delivered the deed to the respondent and never again had it in her custody.

In *Taylor* v. *Taylor*, 90 Atl. 746 (R. I.), this court cited with approval the rule stated in 13 Cyc. 561. "The question of the delivery of a deed is generally one of the intention of the parties, and it is essential to a valid delivery that there should be some act or declaration from which an intention to deliver may be inferred." The evidence is uncontradicted that there was an intention on the part of the grantor to deliver the deed in question and this intention was made manifest by the act of actual delivery of the same to the grantee. And the fact that the delivery was accepted with an agreement that it should not be placed on record in her lifetime does not prove that there was no delivery as between the parties. 18 C. J. 207.

The complainant relies on *Johnson* v. *Johnson*, 24 R. I. 571. The facts in that case are materially different from the facts in the present case. In the *Johnson* case the grantor delivered the deed to a third party, with instructions that the same was left with him subject to the control of the grantor during her life and, if she died without having disposed of the property, he was to deliver the deed to the grantee named therein. The grantor did not, as in the present case, part with the custody and control of the deed.

Our conclusion is that there was a delivery of the deed which was sufficient to transfer title to the property described therein to the grantee during the lifetime of the grantor.

The appeal is sustained. The decree appealed from is reversed and the cause is remanded to the Superior Court with direction to dismiss the bill of complaint.

*Hogan & Hogan, Mary C. Hogan,* for complainant.
*John F. O'Connell,* for respondent.