Mary B. Rowan *vs.* Margaret M. Betagh et 'al.

FEBRUARY 28, 1955.

Present: Flynn, C. J., Baker, Condon and O'Connell, JJ.

Condon, J.   This is a bill in equity to set aside a deed and declare it null and void on the grounds of lack of valid

delivery thereof and of mental incapacity of the grantor Francis H. Gilleney. After a hearing in the superior court on bill, answer and oral proof the trial justice found there was no evidence of such incapacity and that the deed was lawfully delivered. From a final decree denying and dismissing the bill the complainant has appealed to this court.

We agree with the trial justice that there is no evidence in the record of the grantor's mental incapacity. Although complainant has briefed that point, she conceded at the oral argument before us that it was untenable. The only question on this appeal, therefore, is whether, in the circumstances in which respondents received the deed, there was a good delivery thereof in law sufficient to show that the grantor intended to divest himself presently of the fee simple title to the real estate conveyed therein.

The deed was executed March 8, 1947 by Francis H. Gilleney at the home of his sister Mrs. Margaret M. Betagh in the city of Woonsocket. It conveyed an undivided one-half interest to her and a like interest to his nephews Joseph P. and Francis E. Ferguson, sons of a deceased sister, in fee simple in and to a certain lot of land with the improvements thereon situated on the west side of Young avenue in the city of Providence. The deed was not recorded until January 20, 1953, four days after the decease of the grantor on January 16, 1953. From the day of its execution it had been in the sole possession of Mrs. Betagh, but she had refrained from recording it in compliance with the wishes expressed by the grantor when he handed it to her on March 8, 1947.

The complainant Mary B. Rowan is a niece and heir-at-law of the grantor, she being a daughter of his deceased sister Rose. She brought the instant bill of complaint against the grantees and alleged therein that the deed had not been validly delivered on March 8, 1947; that the grantor did not intend thereby to convey presently his title to the real estate described therein but that it was given with the intention on his part to retain all his right, title and

interest therein during his lifetime; and that until his death he exercised sole and complete control of such real estate. She contends that the evidence supports such allegations and that the trial justice misconceived the evidence and misapplied the law thereto.

After a careful reading of the transcript we are of the opinion that such contentions are without merit. It appears therefrom that Mr. Gilleney called at his attorney's office in Providence and consulted him privately before he executed the deed in question; that he informed the attorney he wanted to deed his real estate to the respondents; that he wished to continue to collect the rental income therefrom and to pay the taxes, water bills and all bills for repairs; and that he did not want the deed to be recorded until after his death. His attorney advised him that if he gave respondents a deed it would be valid only if he surrendered all control over it and that thereafter he could not recover the property. He further advised him that to prevent such a deed from possibly being declared invalid after his death there should be clear proof that it was truly delivered and was intended to take effect presently and not at his decease.

Having been thus advised, Mr. Gilleney reiterated his desire to make a deed granting an undivided one-half interest to Mrs. Betagh and the other undivided one-half interest to the Fergusons. His attorney thereupon informed him that he would draw the deed as requested and when it was ready he would bring it to Mr. Gilleney's home together with certain persons who would witness its execution and delivery.

On March 8, 1947 the attorney, accompanied by his wife and his brother, went to the home of Mrs. Betagh in Woonsocket where Mr. Gilleney lived. After they arrived the Fergusons came and at first they all assembled in the parlor. They later retired to the kitchen where the attorney explained the deed to Mr. Gilleney and he signed it. Thereafter the attorney witnessed it and gave it to the grantor

who handed it to Mrs. Betagh. She then passed it to one of the Fergusons who handed it to his brother. It was then returned to Mrs. Betagh who took it to her bedroom and placed it in a box which she locked. This box contained only her papers and she alone had access to it.

Mr. Gilleney never saw the deed thereafter. In handing it over, however, he said it was to be understood that he would continue to collect the rents and pay all bills and that respondents would not have the deed recorded until after his death. The attorney again advised that in thus giving the deed he would surrender all control over it. The respondents agreed to respect Mr. Gilleney's wishes and did not record the deed until after his death. Four days thereafter Mrs. Betagh gave it to the attorney for recording.

On those facts the trial justice stated that a very close case was presented as to whether there was a true delivery of the deed. He further stated that there could well be some divergence of opinion on the point but that he felt the evidence showed Mr. Gilleney wanted his property to go as the deed stated and that there was a valid delivery. We cannot say that such finding was clearly wrong or that he misconceived any of the evidence bearing on the question of delivery.

As to the law applicable to such facts, we think the trial justice did not err. In some respects the case resembles *Alker* v. *Alker*, 54 R. I. 326, except that the facts here make out a stronger case as to delivery and an intention on the part of the grantor to divest himself completely of control of the deed. We think the evidence of the grantor's conduct prior to and at the time of passing the deed clearly meets the test of delivery laid down in *Johnson* v. *Johnson*, 24 R. I. 571, and of intention discussed in *Lambert* v. *Lambert*, 77 R. I. 463. In the *Johnson* case this court held that if a grantor by his acts or words, or both, intended to divest himself of the title to the estate described in the deed the deed is delivered, otherwise it is not. At page 572 the court

stated: "In order to constitute a delivery, the grantor must absolutely part with the possession and control of the instrument." Here the evidence is undisputed that Mr. Gilleney did precisely that when, after receiving definite advice from his attorney as to the legal effect of such delivery, he nevertheless handed Mrs. Betagh the deed. That he never saw or had access to the deed thereafter tends further to confirm the finality and absolute nature of his act.

In view of such advice and conduct the fact that he expressed a wish to continue to collect the rental income and was allowed to do so did not alter the matter or detract in any way from such finality. A reservation of the use and enjoyment of the estate described in the deed was not inconsistent with an intention to divest himself presently of the fee simple title thereto. 26 C.J.S., Deeds, §46, p. 247. There is no resemblance between the facts of the case at bar and those of the *Lambert* case, *supra*. However, we reaffirm the principles of law stated therein and we are of the opinion that they can be properly applied to the facts here. In our judgment the trial justice in his decision did not fail to apply those principles and to give due regard to the intention of the grantor in making the deed as well as to the manner in which he delivered it.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*A. Norman LaSalle, John L. McElroy,* for complainant.

*John F. O'Connell, Francis A. Kelleher, Thomas F. Kelleher,* for respondents.