Joseph M. BRITO, Sr.

v.

Matthew J. CAPONE et al.

No. 2002–107–Appeal.

Supreme Court of Rhode Island.

April 11, 2003.

Peter Lawson Kennedy, Providence/James A. Hall, Nagaragansett, for Plaintiff.

Robert Fine, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ, and WEISBERGER (C.J., ret.).

## OPINION

PER CURIAM.

The defendants, Matthew J. Capone and Rose E. Capone (defendants), appeal the entry of summary judgment in favor of the plaintiff, Joseph M. Brito, Sr. (plaintiff), in this action on a promissory note as well as the denial of their motion to disqualify plaintiff's counsel. This case came before the Supreme Court for oral argument on March 5, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the parties' memoranda, and the oral arguments of counsel, we conclude that the case should be decided at this time. We affirm the judgment of the Superior Court.

### Facts and Travel

On March 29, 2000, defendants executed a promissory note to plaintiff in the amount of $105,188.67. The terms of this note required defendants to make monthly

payments, which defendants duly began making on April 29, 2000. The defendants ceased making payments on January 10, 2001, and were subsequently notified by plaintiff that they were in default of their obligation under the terms of the promissory note.

On March 2, 2001, plaintiff commenced an action in Superior Court alleging that defendants had defaulted on the promissory note. The plaintiff subsequently moved for summary judgment, arguing that there were no material issues of fact in dispute and that he was entitled to judgment as a matter of law. The defendants, in their memorandum opposing summary judgment, alleged that the amount owed to plaintiff was in dispute.

### Timeliness of the Appeal

■ As a preliminary matter, plaintiff, in his supplemental memorandum to this Court, questioned the timeliness of defendants' appeal. After considering this issue, we conclude that the judgment filed on January 28, 2002, was the first valid judgment entered. This judgment met the requirements of Rule 58(a) of the Superior Court Rules of Civil Procedure, was signed by the clerk, and entered on the court docket. The defendants filed their notice of appeal on February 11, 2002, within twenty days of entry of judgment. Consequently, the appeal was timely. *Abbatematteo v. State*, 694 A.2d 738, 739–40 (R.I. 1997) (per curiam).

### Motion to Disqualify Counsel

■ The defendants have appealed the trial justice's denial of their motion to disqualify plaintiff's counsel pursuant to Article V, Rule 1.9 of the Supreme Court Rules of Professional Conduct. The interpretation of this rule, as a question of law, is subject to *de novo* review by this Court.

*Carnevale v. Dupee*, 783 A.2d 404, 408 (R.I.2001).

Rule 1.9 prohibits attorneys who have formerly represented a client in a matter from thereafter "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation" or from "us[ing] information relating to the representation to the disadvantage of the former client * * *."

■ In this case, plaintiff's counsel represented both plaintiff and Matthew Capone in the formation of a limited liability corporation. There is, however, no evidence in the record that the attorney's former representation of Matthew Capone and current representation of plaintiff were substantially related. See, e.g., *American Heritage Agency, Inc. v. Gelinas*, 62 Conn.App. 711, 774 A.2d 220, 230 (2001) (quoting *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739–40 (2d Cir.1978) and holding that the test for determining whether matters are substantially related has been "honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is 'patently clear' or when the issues are 'identical' or 'essentially the same' "). In addition, defendants have not shown that any information counsel received during the formation of the corporation would inure to the disadvantage of Matthew Capone. Consequently, the trial justice was correct in denying the motion to disqualify plaintiff's counsel.

### Motion for Summary Judgment

■ This Court reviews *de novo* a trial justice's decision to grant summary judgment, applying the same standards as those applied by the trial justice. *McKin-*

*non v. Rhode Island Hospital Trust National Bank,* 713 A.2d 245, 247 (R.I.1998). Accordingly "if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law," we affirm the grant of summary judgment. *Id.* (quoting *Rotelli v. Catanzaro,* 686 A.2d 91, 93 (R.I. 1996)).

■ The defendants have not disputed that they executed the alleged promissory note in favor of plaintiff; they disputed only the amount owed. This Court has consistently held that a party opposing a summary judgment motion may not simply rest on the allegations and denials in his or her pleadings, but must prove by competent evidence the existence of a disputed material issue of fact. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). The defendants here have not presented any evidence to support their claims, resting instead on a bare allegation that they disagree with plaintiff's computation of damages. Consequently, because defendants failed to meet this burden, the grant of summary judgment was proper.

The defendants also argued at the summary judgment hearing that Rose Capone was not secondarily liable as an accommodation maker who had received no consideration. The defendants submitted no evidence that Rose Capone's liability was limited, and they, in fact, conceded before the motion justice that she was equally liable on the promissory note. Finally, the defendant asserted that the plaintiff was estopped from enforcing the promissory note because the plaintiff had hindered the defendants' efforts to consummate transactions that would have enabled defendants to satisfy their payment obligations. However, the defendants did not allege any specific instances in which the plaintiff hindered their business transactions. Therefore, because the defendants failed to offer any evidence substantiating their alleged defenses to the plaintiff's action to enforce the promissory note, summary judgment was appropriate in this case.

### Conclusion

We deny and dismiss the defendants' appeal. The entry of summary judgment in favor of the plaintiff is affirmed. The papers in this case may be returned to the Superior Court.