DECISION
This matter is before the Court for decision with respect to the motion of Defendants, Eastern Wire Products Co. (hereinafter Eastern) and Frederick Granoff (hereinafter Eastern), to disqualify Jonathan N. Savage, Esquire (hereinafter Savage) as counsel to Plaintiff Philip Jacobs (hereinafter Jacobs).
This Court heard argument on the motion on or about the 22nd of April, took evidence on the matter on or about April 29th and sought and thereafter received supplemental memoranda. This decision is based on the Court's review of all of the material and hearings hereinbefore referred to.
This Court finds that on March 19th of this year, Savage on behalf of Plaintiff, filed with this Court a Verified Complaint, Petition for the Appointment of Master or Receiver, and Jury Demand naming, inter alia,
Eastern and its president, Granoff, as parties. The complaint essentially seeks relief for the Plaintiff as a result of certain allegations pertaining to the terms and conditions of Jacobs' employment by Eastern including his claim to option rights to ten percent of the equity interest in Eastern Display Group, an enterprise which for purposes of this decision shall be deemed to be part of or the alter ego of Eastern. According to the complaint, Jacobs and Granoff commenced discussions in July 2001 which ultimately resulted in Jacobs becoming an employee of Eastern Display Group in the fall of 2001, to wit, as its chief financial officer.
Eastern and Granoff object to Savage's participation in this matter citing the provisions of the Rhode Island Supreme Court Rules and, specifically, Article V entitled Rules of Professional Conduct with specific reference to Rule 1.9(a) which reads as follows:
 "Rule 1.9. Conflict of interest: Former client.
 A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a g substantially related matter in which that persons's interests are materially adverse to the interest of the former client unless the former client consents after consultation."
The evidence before the Court discloses that Granoff contacted Savage in 1997 with respect to Granoff's efforts to return to the employ of and the ultimate acquisition of Eastern, a business owned by Granoff's family. In what apparently were contentious negotiations, Savage represented Granoff who in fact did acquire the company from his parents. Savage also obtained or assisted greatly in the obtaining of requisite financing to that end. For not fully explained reasons, the Court notes that the financing transaction was closed for Eastern and Granoff by another law firm. It is clear that Savage and/or attorneys in his then law firm thereafter performed other discrete services from time to time for Eastern and/or Granoff. The record does not disclose the last date on which services were performed by Savage for Eastern but somewhat surprisingly, however, Savage acknowledges having assisted a creditor of Eastern's in its collection efforts against Eastern via a telephone call to an officer of Eastern's bank. The date on which this occurred is not reflected in the record before the Court.
There is no evidence whatever that Savage had any role in connection with Jacobs' negotiations leading to or his ultimate employment by Eastern or its affiliate; that is to say, there is nothing in the record that would indicate that Savage represented or counseled either Jacobs or the Granoff/Eastern interests in that matter. Nor is there any evidence that, at that time, Savage was performing services for Eastern.
Turning now to the provisions of and the application to the facts of Rule 1.9(a). Our Supreme Court within the past month had occasion to write:
 ". . . the tests for determining whether matters are substantially related has been `honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or again `essentially the same.''" Brito v. Capone, 819 A.2d 663, 665 (R.I. 2003).
Because motions to disqualify are viewed with disfavor a party seeking to disqualify carries a heavy burden and must satisfy a high standard of proof. See Essex Chemical Corp. v. Hartford Accident and Indemnity Co.,993 F. Supp. 241 at 246 (D.N.J. 1998).[1]
Here, the moving Defendants have not established that Savage's representation of Jacobs in the case at bar in any way was in connection with the same or a substantially related matter to those wherein, at an earlier time, Savage was counsel to Eastern and/or Granoff. Movants have not carried their heavy burden of showing the patently clear, identical or essentially the same relationship between the issues involved in Savage's earlier representation of some of the Defendants here and his present representation of Plaintiff.
Finally, Defendants attach to their May 2d 2003 Memorandum of Law as Exhibit G, a copy of the American Bar Association House of Delegates New Comment to Model Rule 1 of Professional Conduct Rule 1.9 which, interalia, provides that a matter would be "substantially related" if there is substantial risk that confidential factual information from the prior representation would materially advance the new client's position in the current matter. Here, there is no dispute that Jacobs functioned as chief financial officer of the Eastern enterprise for some period of time and was privy to its financial information. The ABA Comment provides that information independently disclosed to parties adverse to the former client will not be disqualifying. Jacobs, here, would have received the financial information, as a result of his employment, from his employer. Further, there has been no showing by the Defendants who, here, have a heavy burden that the financial information to which Savage was privy has remained meaningful with the passage of time.
For the foregoing reasons, Defendants' motion should be and hereby is denied.
An order consistent herewith shall be presented by prevailing counsel.
[1] Applying New Jersey Rules of Professional Conduct R.P.C. 1.9(a)(1) virtually identical to our Rule 1.9(a).