[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court for decision is a motion filed by plaintiff Ernest Fregeau to disqualify attorney Fain P. Gildea, counsel to defendant Pennsylvania General Insurance Company, in this action for personal injury and uninsured motorist benefits as a result of attorney Gildea's prior representation of him as insurance defense counsel to CGU Insurance Company in an unrelated property damage case. As plaintiff Fregeau has failed to prove that the subject matter of these two cases is substantially related, that the attorney whose disqualification is sought, Fain P. Gildea, is likely to have had access to relevant privileged information in the course of her prior representation of plaintiff Fregeau or that information that she acquired in the course of her prior representation of plaintiff Fregeau would inure to his disadvantage in this case, plaintiff Fregeau's motion to disqualify is denied.
 Factual Background and Procedural History
It is undisputed that counsel to defendant Pennsylvania General Insurance Company in the instant case, Fain P. Gildea, represented plaintiff Fregeau and his son in an unrelated case for alleged property damage brought by the former tenants of the plaintiff and his son several years ago. See Defendant's Objection to Plaintiff's Motion to Disqualify at 1. At that time, attorney Gildea was assigned by plaintiff Fregeau's insurer in the prior litigation, CGU Insurance Company, to defend the case. Id. In the instant matter, plaintiff Fregeau has filed suit against defendant Pennsylvania General Insurance Company, claiming that he is entitled to uninsured motorist benefits to cover injuries that he suffered as a result of a motor vehicle accident involving defendants Panua and Marguerite Deo. Id. Defendant Pennsylvania General Insurance Company has retained attorney Gildea and the law firm with which she is associated, Clark, Balboni Gildea, LLP, to defend against plaintiff's claim. Id. at 1-2.[1]
Plaintiff Fregeau has filed a motion to disqualify attorney Gildea, along with a supporting memorandum and case law. Defendant Pennsylvania General Insurance Company has responded with an objection and has filed a memorandum in support of its position.
Plaintiff Fregeau alleges that Rule 1.9(a) of the Rhode Island Supreme Court Rules of Professional Conduct governs his motion because attorney Gildea's prior representation of him is substantially related to the present action. Plaintiff argues, therefore, that attorney Gildea must be disqualified due to the inherent conflict of interest that is created by her current representation of defendant Pennsylvania General Insurance Company.
Defendant Pennsylvania General Insurance Company responds that the present action and the case that was the subject of defense counsel's prior representation of plaintiff Fregeau are not substantially related. Defendant contends, therefore, that plaintiff Fregeau has failed to meet his burden to show that disqualification is warranted.
 Analysis
Article V, Rule 1.9 of the Rhode Island Supreme Court Rules of Professional Conduct, entitled "Conflict of Interest: Former Client" provides, in pertinent part, as follows:
 A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.
The Commentary to Rule 1.9 sheds some light on its scope, stating:
 The scope of a "matter" for purposes of paragraph (a) may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. On the other hand, a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client.
 . . . The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.
R.I. Supreme Court Rules of Professional Conduct, Article V, Rule 1.9 (Commentary) (emphasis added). The Commentary further states:
 Information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client. However, the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client.
According to our Supreme Court, the test for determining whether matters are substantially related has been "honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same.'" See Brito v. Capone, 819 A.2d 663, 665 (R.I. 2003) (noting that the "defendants have not shown that any information counsel received during the formation of the corporation would inure to the disadvantage of [their] case"); see also, Falvey v. A.P.C. Sales Corp., 185 F.R.D. 120
(D.R.I. 1999) (holding that where attorney obtained material and confidential information on a client while employed at one law firm, his subsequent employer was disqualified from representing the company against whom that client had had a personal injury action).
Although Rhode Island has articulated a general test for determining whether disqualification based on an alleged conflict of interest with a prior client is warranted, other jurisdictions use a more structured analysis. In Lankler Siffert Wohl v. Rossi, 287 F.Supp.2d 398, 403
(S.D.N.Y. 2003), for example, the court held that an attorney may be disqualified in a particular case if:
 (1) the moving party is a former client of the adverse party's counsel;
 (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
 (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.
Id. Additionally, for purposes of this analysis, a substantial relationship is recognized for disqualification purposes "only when the issues involved [are] identical or essentially the same." Id. at 403-04.
In determining whether a "substantial relationship" between the former representation and the current representation is said to exist, the court should focus on the "practical consequences of the attorney's representation of the former client." Pour Le Bebe, Inc. v. Guess, Inc.,
112 Cal.App.4th 810, 823 (Cal.App. 2003). Specifically, the court should examine the similarities between the two factual situations, the legal questions posed, the nature and extent of the attorney's involvement with the case, the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy. Id. Thus, "successive representations will be `substantially related' when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." Id. at 824.
Moreover, as a number of other jurisdictions have noted, motions to disqualify are generally disfavored because they separate a client from a chosen attorney, inevitably cause delay, and are often made only for tactical reasons. See Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2nd Cir. 1983); Lankler Siffert Wohl v. Rossi, 287 F.Supp.2d 398,403 (S.D.N.Y. 2003). Most jurisdictions, therefore, place a high burden of proof on a party who moves to disqualify counsel. See Lankler,287 F.Supp. at 403; Kaselaan D'Angelo Associates, Inc. v. D'Angelo,144 F.R.D. 235, 238 (D.N.J. 1992).
"Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation." R.I. Supreme Court Rules of Professional Conduct, Art. V, Rule 1.7 (Commentary). "When the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be used with caution, however, for it can be misused as a technique of harassment."Id.
In the case at bar, there is no question that the party moving for disqualification, plaintiff Fregeau, is a former client of the adverse party's counsel. Attorney Gildea defended plaintiff Fregeau previously, as insurance defense counsel to CGU Insurance Company, with respect to a claim for property damage. She now represents defendant Pennsylvania General Insurance Company with respect to plaintiff Fregeau's charges against it in this case. See Lankler Siffert Wohl,287 F.Supp.2d at 403.
There is no evidence, however, of a substantial relationship between the subject matter of her prior representation of plaintiff Fregeau and the issues in this case. See id. Plaintiff Fregeau's only argument that attorney Gildea's representation of defendant Pennsylvania General Insurance Company in this case is "identical" or "essentially the same" to her former representation of him, see id., is that both cases involve the plaintiff's "dealings with his own insurance companies." See
Plaintiff's Motion to Disqualify Attorney Fain Gildea at 2. Yet, her prior representation of him involved serving as insurance defense counsel for CGU Insurance Company to defend him against a property damage claim of his former tenants where the issue was whether the property damage loss was caused by the negligence of plaintiff Fregeau or his son; whereas, in the present action, she is serving as insurance defense counsel for a different insurer, defendant Pennsylvania General Insurance Company, to defend an insured against a claim by plaintiff Fregeau for uninsured motorist benefits arising out of a motor vehicle accident. As such, the two cases involve distinct factual underpinnings, legal issues and defenses.
Moreover, there is no evidence that the attorney whose disqualification is sought, namely attorney Gildea, had access to or was likely to have had access to privileged information in the course of her prior representation of plaintiff Fregeau that is relevant to her defense of his claims in this case. Plaintiff Fregeau has not met his burden of presenting evidence to show that information attorney Gildea received during the course of her representation of him in the prior litigation would inure to his disadvantage in litigating his claims in this case.See Brito, 819 A.2d at 666.
While plaintiff has hinted that an affidavit authored by him supports his position of the existence of a conflict involving confidential information and has submitted that affidavit to the Court under seal, he will not allow defense counsel to review the affidavit and only will allow the Court to review the affidavit in camera if the Court agrees not to disclose its contents to defense counsel. This Court is of the view that it should not review the affidavit with those strings attached. While certainly the Court can appreciate the fact that the affidavit could disclose improperly to the defendants in this case confidential information (perhaps borne of the previous attorney-client relationship between plaintiff Fregeau and attorney Gildea) if filed without seal or disclosed to the defendants in this case, plaintiff Fregeau's concern in that regard must be balanced with the right of attorney Gildea, as counsel who is the object of plaintiff Fregeau's motion to disqualify, to respond to its contents. See R.I. Supreme Court Rules of Professional Conduct, Art. V, Rule 1.6(b)(2) (allowing counsel to reveal information relating to representation of client, without client's consent, where counsel believes that the information is reasonably necessary to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client or to respond to allegations in any proceeding concerning the lawyer's representation of the client). The Court ultimately must ensure that any sworn statements in an affidavit submitted in support of a motion to disqualify can be tested by the very counsel whose integrity and ethics are being challenged in connection with the motion; otherwise such an affidavit could be used improperly as a method to gain a tactical advantage in litigation.
This Court, therefore, will not examine the affidavit submitted by plaintiff Fregeau under seal unless he agrees to disclose the contents of the affidavit to attorney Gildea. That disclosure could be made subject to an appropriate protective order to ensure that the contents of the affidavit were shared only with attorney Gildea, in the first instance, and the Court, if necessary, and not with the defendants or anyone else. Attorney Gildea then would have the opportunity to respond to the affidavit either by consenting to withdrawal as counsel from this case, filing a counter affidavit under seal or presenting supplemental argument (protective of the confidentiality of the affidavit) that the affidavit is insufficient to warrant disqualification. Such a procedure would maintain the confidentiality of the information in the affidavit (as its contents would be disclosed only to the counsel with whom plaintiff Fregeau had a prior confidential attorney-client relationship), would allow attorney Gildea to know what confidential information connected with her prior representation of plaintiff Fregeau warrants, in his view, her disqualification in this case and would ensure that the Court has before it all information pertinent to this delicate inquiry.
Accordingly, based on the absence of evidence presented by plaintiff Fregeau in support of his motion to disqualify attorney Gildea (and without consideration of his affidavit for the reasons stated), this Court denies plaintiff's motion to disqualify, without prejudice to plaintiff's renewal of that motion through submission of the affidavit filed under seal on the terms outlined by this Court in this decision.
[1] It is unclear to this Court, based on the representations at oral argument with respect to this motion, whether either attorney Fain P. Gildea or the law firm with which she is associated, Clark, Balboni 
Gildea, LLP, have filed formal entries of appearances in this case. Nonetheless, Ms. Gildea has effectively entered an appearance on behalf of herself and her law firm as counsel to defendant Pennsylvania General Insurance Company by filing pleadings in that capacity in this case. As such, this Court will address this motion as if she and her law firm were counsel of record and require the filing of formal entries of appearance by Ms. Gildea on behalf of herself individually and the firm with which she is affiliated should such entries of appearance not yet have been filed.