The PEOPLE'S CREDIT UNION

v.

Pauline BERUBE.

No. 2007–104–Appeal.

Supreme Court of Rhode Island.

Feb. 18, 2010.

Jeremiah C. Lynch, III, Esq., Middletown, for Plaintiff.

Pauline Berube, Pro Se.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

The defendant, Pauline Berube, appeals *pro se* from a Superior Court grant of partial summary judgment in favor of the plaintiff, The People's Credit Union (credit union). The partial summary judgment invalidated a recorded deed from Berube to the credit union for real property in Tiverton on the ground that the credit union had refused to accept the deed.

This case came before the Supreme Court for oral argument on January 26, 2010, pursuant to this Court's order that the parties show cause why the issues raised in this appeal should not summarily be decided without further briefing or argument. After considering the record, the memoranda submitted by the parties, and the points advanced by each at oral argument, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

## Facts and Travel

On or about March 29, 2005, Pauline Berube executed a promissory note to the credit union for the principal sum of $468,000. Security for this note was a mortgage deed on Berube's real estate in Tiverton. Subsequently, the credit union claimed that Berube defaulted on her note, and the credit union initiated foreclosure proceedings on the Tiverton property.[1]

On June 28, 2006, Berube executed a deed (deed No. 1) purporting to convey her Tiverton real estate to the credit union for $10. That deed was recorded in the land evidence records on July 5, 2006. On July 1, 2006, Berube executed another deed (deed No. 2), in which she purported to convey the same real estate to the credit union. Deed No. 2 cites the sum of $468,000 as consideration. The credit union alleged that on July 5, 2006, Berube furnished a copy of deed No. 2 to it, apparently by leaving the document at one of its branches. On July 6, 2006, counsel for the credit union informed Berube by letter that it refused to accept deed No. 2. Later, the credit union learned that deed No. 1

had been recorded in the land evidence records.

On August 7, 2006, the credit union filed a complaint in Superior Court seeking declaratory relief pursuant to G.L.1956 chapter 30 of title 9. In its complaint, the credit union claimed that it had the right to recover the balance on Berube's promissory note to the credit union. The credit union's action for declaratory relief also asked that deed No. 1 be declared invalid because the conveyance was without consideration, and had been executed without the knowledge of the credit union, and also because the credit union had refused to accept delivery of the instrument. On August 30, 2006, Berube filed an answer, as well as numerous counterclaims, in which she alleged that deed No. 1 had been recorded properly and accepted, and also that deed No. 2 had been delivered properly to the credit union.

On September 19, 2006, the credit union moved for partial summary judgment, pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, on its claim for declaratory relief to invalidate deed No. 1. The credit union argued that it was entitled to summary judgment as to this claim because, under Rhode Island law, a deed is not properly delivered in the absence of delivery of the instrument by the grantor to the grantee. The credit union asserted that it had refused to accept delivery of either deed. To support its motion, the credit union attached an affidavit from Paul Levitre, an employee of the credit union, in which Levitre swore that the credit union refused and continued to refuse to accept the recorded deed, deed No. 1.

A hearing on the credit union's partial summary-judgment motion was held on

---

1. Berube claimed that the foundation on the property was severely cracked. She further alleged that representatives of the credit union had assured her that the foundation was in good condition.

October 2, 2006. At the hearing, Berube claimed that she had spoken with the credit union's president and its vice president of lending, who she said agreed to accept a deed to her Tiverton property. Berube did not support her argument with any affidavits or other supporting documentation. The motion justice allowed Berube additional time to obtain affidavits from employees of the credit union. However, at a subsequent hearing on November 6, 2006, Berube filed only her own affidavit. In it, she swore that she believed that certain credit union employees had agreed to accept deed No. 1, and she further alleged that Paul Levitre lacked personal knowledge of whether deed No. 1 had been accepted.

The motion justice granted the credit union's motion for partial summary judgment. In doing so, the motion justice concluded that Berube had failed to rebut the affidavit filed by the credit union, wherein the credit union asserted that it had refused to accept delivery of deed No. 1. Further, the motion justice concluded that in the absence of a genuine issue of fact, the credit union was entitled to summary judgment on its declaratory-relief claim to invalidate deed No. 1, because valid delivery of a deed requires the grantee's acceptance, and the credit union had refused to accept it. The motion justice entered an order based on Rule 54(b) of the Superior Court Rules of Civil Procedure, from which Berube appeals.[2]

On appeal, Berube reiterates her contention that the credit union accepted delivery of the deed. Because we agree with the motion justice's analysis and conclusions, we affirm the judgment.

**2.** We note that the motion justice's Super.R.Civ.P. 54(b) certification does not address whether the credit union accepted deed No. 2. The credit union did not seek such a ruling in its motion for partial summary judgment. Accordingly, the issue of the second deed is not properly before this Court at this time and we will not consider it.

## Analysis

■■■ This Court reviews the grant of a motion for summary judgment *de novo. Brito v. Capone,* 819 A.2d 663, 665 (R.I. 2003) (citing *McKinnon v. Rhode Island Hospital Trust National Bank,* 713 A.2d 245, 247 (R.I.1998)). We apply the same standard as the motion justice: we view the evidence in the light most favorable to the nonmoving party, and if we conclude that no genuine issue of material fact exists, then the moving party is entitled to judgment as a matter of law and we affirm the grant of summary judgment. *Id.* at 665–66. The "party opposing a summary judgment motion may not simply rest on the allegations and denials in his or her pleadings, but must prove by competent evidence the existence of a disputed material issue of fact." *Id.* at 666 (citing *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996)).

■■■ Although we have not had an opportunity to address this precise question in the past, in our opinion, the motion justice correctly determined that delivery of a deed requires the grantee's acceptance. We consistently have held that delivery "is essential to the validity of the deed." *Oldham v. Oldham,* 58 R.I. 268, 277, 192 A. 758, 763 (1937). At common law, a grantee who is without knowledge of a deed conveyance "could disclaim and repudiate the transaction, thereby revesting the title in the grantor." *Id.; see also Hood v. Hood,* 384 A.2d 706, 708 (Me.1978) (holding that "effective delivery of a deed requires the correlative act of acceptance by the grantee"); *Juchno v. Toton,* 338 Mass. 309, 155 N.E.2d 162, 164 (1959) ("The recording of a deed without the knowledge or consent of the grantee is not

effective to pass title; a deed becomes effective only upon its acceptance by the grantee."); 14 Richard R. Powell, *Powell on Real Property* § 81A.04[2][b] at 81A–77, 78 (Michael Allan Wolf ed., LexisNexis Matthew Bender 2008) (explaining how delivery of a deed creates a rebuttable presumption of conveyance; refusing to accept a deed must be communicated with "reasonable promptness after the grantee learns of the conveyance").

■ Here, once the credit union came forward with evidence, in the form of Paul Levitre's affidavit, that the credit union had refused to accept delivery of deed No. 1, the burden shifted to Berube to rebut or challenge that evidence. Berube responded by filing an affidavit; however, the affidavit was from Berube herself, not from an employee of the credit union or anyone else who could shed light on whether the credit union accepted the deed or refused it. Berube's mere allegations are insufficient to rebut the affidavit offered by the credit union. Consequently, the motion justice correctly found that there were no genuine issues of material fact about whether the credit union refused delivery of deed No. 1 and properly granted the credit union partial summary judgment on its claim for declaratory relief.

### Conclusion

We affirm the judgment of the Superior Court, to which we remand the papers in this case.