May 26, 2021

**Supreme Court**

No. 2019-451-Appeal.
(WC 18-310)

Estate of Everett Joseph Hopkins,    :
Co-Administrators Laurie Hopkins
Hines and Thomas E. Hopkins

           v.             :

Jonathan Rayner Hopkins.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Estate of Everett Joseph Hopkins,    :
Co-Administrators Laurie Hopkins
Hines and Thomas E. Hopkins

          v.              :

   Jonathan Rayner Hopkins.    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Long, for the Court.**  The defendant, Jonathan Rayner Hopkins (defendant or Jonathan), appeals from a judgment of the Superior Court in favor of the plaintiff, the Estate of Everett Joseph Hopkins (the estate), in the estate's action to declare a warranty deed null and void for failure of delivery.  The defendant contends that the trial justice misconstrued the law and overlooked material facts in finding that the grantor failed to deliver the warranty deed to the defendant.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be

- 1 -

decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Procedural History

Everett Joseph Hopkins (Everett) died testate on June 25, 2012, survived by six adult children, including Jonathan and Thomas Hopkins (Thomas).[1] During his lifetime, Everett had been involved in over one hundred real estate transactions. This appeal concerns the respective interests of Jonathan and Thomas in certain real estate acquired by Everett in 1979 located at 740 Moonstone Beach Road in South Kingstown (the property), where Everett lived with Jonathan until his death.

The following facts are undisputed. On December 3, 2009, Everett executed a will that bequeathed the property to Jonathan and Thomas as tenants in common. Thereafter, on February 27, 2012, Everett executed a warranty deed granting the property to himself and to Jonathan as joint tenants, and reserving a life estate for Everett. Jonathan recorded the warranty deed in the land evidence records in the Town of South Kingstown on December 13, 2012, a little more than four months after Everett's will was admitted to probate in July 2012.

On June 19, 2018, the estate filed a complaint for declaratory judgment after the probate court declined to address the validity of the postmortem recording of the

---

[1] Because this case deals with an estate and multiple family members who share the same surname, we will identify individuals by their first names for the sake of clarity. We intend no disrespect.

warranty deed. The estate alleged that Everett had not delivered the deed to Jonathan and sought a declaration that the deed is null and void.

Several witnesses testified on behalf of the estate during a two-day bench trial that probed Everett's actions after he executed the warranty deed in February 2012. Testimony began with Thomas, who explained that, in the days following Everett's funeral, while he and Jonathan were searching for an heirloom among Everett's possessions, Jonathan approached him with a clear, sealable plastic bag that contained a photocopy of the unrecorded warranty deed at issue. Thomas testified that, when he asked Jonathan where the original deed was located, Jonathan stated that he did not know and that he had never seen the original deed.

Thomas further testified that he discovered the original deed a few days later in a "roll top desk" in his late father's "bedroom/office area." The original deed was in a locked drawer that held other important documents belonging to his father; it was the same drawer where Thomas had found Everett's will the day after Everett died. After Thomas found the deed, he gave it to Jonathan. Thomas learned in early 2013 that Jonathan had recorded the original deed on December 13, 2012.

By contrast, Jonathan testified that Everett had handed him the deed at the end of February 2012 and that Jonathan "put it down on the desk just outside the kitchen[.]" He also testified that he did not put the deed in the roll-top desk, as he did not use the roll-top desk in Everett's bedroom.

The trial justice asked Jonathan clarifying questions about receiving the warranty deed:

> "THE COURT: Okay. All right. So, this day, [Everett] just comes up, and he's in the kitchen, he calls you in?
> "THE WITNESS: Yup.
> "* * *
> "THE COURT: Right. Okay. So what did he say then to you?
> "THE WITNESS: Well, he handed it to me. I looked at it and, you know, I read it. And then I put it on my desk and I just said, 'well, I can't afford it because, you know, there was a mortgage on it.'
> "THE COURT: Okay. And what did he say?
> "THE WITNESS: Well, he really—we really didn't talk much about it after that.
> "THE COURT: Okay. So he handed it to you, you read it, so you knew what it was?
> "THE WITNESS: Yes.
> "* * *
> "THE COURT: And he didn't say anything then?
> "THE WITNESS: No.
> "THE COURT: Okay. And then you put it on the table and you said 'I can't afford it'?
> "THE WITNESS: Yeah, I put it on my desk."

Upon further questioning, Jonathan stated that he thought Everett was going to give him his pension because he told Everett, "I'm going to need your pension to afford it."

The parties stipulated that, on March 24, 2012, Everett drafted a letter to Jonathan and sent it to himself via e-mail. The letter stated, in part, "I realize how much you love and are attached to our home stead [*sic*] and that makes me very

- 4 -

happy. That is why I I [*sic*] want to leave the place to [*sic*]." Jonathan testified that he did not remember using e-mail, and the parties stipulated that Jonathan did not receive a printed copy of the e-mail until after Everett's death.

At the conclusion of the bench trial, the trial justice found that Jonathan's testimony was confused and not to be credited. She further found that the e-mailed letter dated March 24, 2012, was not probative of delivery of the deed. The trial justice accepted that Thomas discovered the warranty deed in a locked drawer in Everett's roll-top desk; she determined that it was void for failure of delivery because Everett did not intend to surrender control of and completely divest himself of the title to the property. The trial justice also proceeded to address the question of acceptance and found that Jonathan did not accept the deed. The trial justice entered judgment for the estate on August 5, 2019, and Jonathan timely appealed.

This Court considers whether the trial justice erred in finding that the executed warranty deed was void for failure of delivery.

**Delivery of the Deed**

"It is well settled that the decision to grant or to deny declaratory relief under the Uniform Declaratory Judgments Act is purely discretionary." *Summit Insurance Company v. Stricklett*, 199 A.3d 523, 527-28 (R.I. 2019) (brackets omitted) (quoting *State ex rel. Kilmartin v. Rhode Island Troopers Association*, 187 A.3d 1090, 1098 (R.I. 2018)). This Court reviews questions of law *de novo* but gives "great deference

to the factual findings of a trial justice sitting without a jury in a declaratory judgment action." *Id.* at 528 (quoting *Rhode Island Troopers Association*, 187 A.3d at 1098). As such, "we review a declaratory decree of the Superior Court with an eye to whether the court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." *Id.* (quoting *Rhode Island Troopers Association*, 187 A.3d at 1098).

"[D]elivery 'is essential to the validity of [a] deed.'" *People's Credit Union v. Berube*, 989 A.2d 91, 93 (R.I. 2010) (quoting *Oldham v. Oldham*, 58 R.I. 268, 277, 192 A. 758, 763 (1937)). "In order to constitute a delivery, the grantor must absolutely part with the possession and control of the instrument." *Johnson v. Johnson*, 24 R.I. 571, 572, 54 A. 378, 378 (1903). "[A] grantor must at that time divest [themself] of all right and authority to control the deed[.]" *Lambert v. Lambert*, 77 R.I. 463, 468, 77 A.2d 325, 327 (1950); *see Lockwood v. Rhode Island Hospital Trust Co.*, 62 R.I. 494, 497, 6 A.2d 707, 709 (1939) ("[A] grantor's present intent to absolutely divest [themself] of the title to the property by virtue of the deed is essential to a valid delivery."). Moreover, as we stated in *People's Credit Union*, "delivery of a deed requires the grantee's acceptance." *People's Credit Union*, 989 A.2d at 93.

Jonathan contends on appeal that the trial justice misconstrued the law governing determination of a grantor's intent. He acknowledges that the grantor's

- 6 -

words and actions are critical to determining whether a deed has been delivered, but he contends that the grantor's words, as expressed in the warranty deed, are dispositive of intent. He quotes *Russo v. Cedrone*, 118 R.I. 549, 375 A.2d 906 (1977), in arguing that, in the absence of fraud or mistake, the warranty deed is "the final agreement between the parties and conveys full rights to the property." *Russo*, 118 R.I. at 557-58, 375 A.2d at 910.

We are not persuaded by this argument. *Russo* involved a complex real estate transaction and the doctrine of merger by deed. *Russo*, 118 R.I. at 558, 375 A.2d at 910 ("[O]nce the warranty deed was accepted, it had the effect of superseding any provisions of the purchase and sale agreement which may have been in conflict with it."). There was no dispute in that case over whether the grantor had delivered the warranty deed to the grantee and, thus, *Russo* has no relevance to the case at bar.

The record and findings in this case reveal that the trial justice did not misinterpret applicable law; rather, she properly focused on testimony and evidence relevant to Everett's words and actions to determine whether he had divested himself of all right and authority to control the deed. She carefully assessed the evidence presented during the two-day trial, made credibility determinations, and found that Everett stored the warranty deed in a locked drawer in a desk that Jonathan did not use. *See Tsonos v. Tsonos*, 222 A.3d 927, 934 (R.I. 2019) ("We accord a substantial amount of deference to * * * credibility determinations, due to the fact that the trial

justice has had an opportunity to appraise witness demeanor and to take into account other realities that cannot be grasped from a reading of a cold record.") (quoting *In re Estate of Ross*, 131 A.3d 158, 167 (R.I. 2016)). Contrary to Jonathan's assertions, the trial justice did not overlook evidence of Everett's intent as expressed in the March 24, 2012 e-mailed letter to Jonathan, but she found that the letter was not probative of delivery of the deed.

There is ample evidence to support a finding that Everett did not "divest himself of all right and authority to control the deed[.]" *Lambert*, 77 R.I. at 468, 77 A.2d at 327. The record also supports the additional finding that delivery failed for lack of acceptance by Jonathan. *See People's Credit Union*, 989 A.2d at 93. We therefore conclude that the trial justice did not err or otherwise abuse her discretion in finding that the executed warranty deed is void for failure of delivery and acceptance.

## Conclusion

For the reasons set forth in this opinion, we deny the appeal, affirm the judgment appealed from, and remand the papers in this case to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Estate of Everett Joseph Hopkins, Co-Administrators Laurie Hopkins Hines and Thomas E. Hopkins v. Jonathan Raynor Hopkins. |
| **Case Number** | No. 2019-451-Appeal.<br>(WC 18-310) |
| **Date Opinion Filed** | May 26, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Susan E. McGuirl |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Terrence G. Simpson, Esq.<br>For Defendant:<br><br>H. Jefferson Melish, Esq. |